RANSOM, GILBERTSON, MARTIN &
RATLIFF, LLP
Jeffrey S. Ratliff
5441 S Macadam Ave, Suite 301
Portland, OR 97239
T: 503-226-3664

*[Proposed] Liaison Counsel for Lead Plaintiff and Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| SCOTT SIGMAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NUSCALE POWER CORPORATION, JOHN L. HOPKINS, CHRIS COLBERT, ROBERT R. HAMADY, and CLAYTON SCOTT, <br><br> Defendants. | **CASE No.: 3:23-cv-01689-MO** <br><br> **CLASS ACTION** <br><br> **NOTICE OF MOTION AND MOTION OF MOVANT LAWRENCE LO TO CONSOLIDATE THE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **ORAL ARGUMENT REQUESTED** |

|  | **CASE No.: 3:23-cv-01956-IM** |
|---|---|
| JÉRÔME RYCKEWAERT, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NUSCALE POWER CORPORATION, JOHN L. HOPKINS, CHRIS COLBERT, ROBERT R. HAMADY, and CLAYTON SCOTT,<br><br>Defendants. |  |

## LR 7-1(a) CERTIFICATION

Local Rule 7-1(a) requires the moving party to certify that the "parties made a good faith effort through personal or telephone conferences to resolve the dispute" before filing a motion. LR 7-1(a)(1)(A). Pursuant to the lead plaintiff procedures of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), any "purported class member . . . including any . . . class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Consequently, counsel for Lawrence Lo have no way of knowing with certainty who the competing lead plaintiff movants are at this time. Pursuant to 15 U.S.C. § 78u4-(a)(3)(B)(iii)(II) of the Exchange Act, Defendants do not have standing to oppose the appointment of Lawrence Lo as lead plaintiff. *See e.g.*, *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1138 (C.D. Cal. 1999). As such, the undersigned counsel respectfully requests that Local Rule 7-1(a)'s conferral requirement be waived.

## MOTION

**PLEASE TAKE NOTICE** that on a date and time to be designated by the Court, Movant Lawrence Lo ("Lo" or "Movant") will and does move this Court for an order granting the Motion: (a) consolidating the related actions; (b) appointing Movant as Lead Plaintiff; and (c)

approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen") as Lead Counsel and Ransom, Gilbertson, Martin & Ratliff, LLP ("RGMR") as Liaison Counsel.

This Motion is brought pursuant to the Securities Exchange Act of 1934 ("Exchange Act"), on the grounds that: (1) the above-captioned related actions should be consolidated; (2) Movant should be appointed as Lead Plaintiff for the class of securities purchasers of NuScale Power Corporation ("NuScale" or the "Company") securities between March 15, 2023 and November 8, 2023 (the "Class Period"), as Movant timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (3) that Movant's selection of Rosen as Lead Counsel and RGMR as Liaison Counsel should be approved as the firms are well-qualified, with extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Jeffrey S. Ratliff, and a proposed order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    consolidating the related actions;

(b)    appointing Movant as Lead Plaintiff for the class of all purchasers of the securities of ESS Tech Inc. during the Class Period, seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(c)    appointing Rosen as Lead Counsel and RGMR as Liaison Counsel for the Class.

## CLAIMS ASSERTED

The first of these related actions, styled as *Sigman v. NuScale Power Corporation, et al.*, Case No. 3:23-cv-01689-MO, was commenced against NuScale, John L. Hopkins, Chris Colbert, Robert R. Hamady, and Clayton Scott (collectively, "Defendants") for violations of the Exchange Act on November 15, 2023. That same day, the requisite PSLRA early notice advising class members of the pendency of the action and the 60-day deadline for any class member to seek appointment as lead plaintiff in this action was issued. *See* Declaration of Jeffrey Ratliff In Support of Motion of Lawrence Lo to Consolidate the Related Actions, Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel, Ex. 1.

On December 26, 2023, the substantially similar related case styled as *Ryckewaert v. NuScale Power Corporation et al.,* Case No. 3:23-cv-01956-IM, was filed in this district alleging substantially similar claims, including the same Class Period and the same Defendants.

According to the complaint, Defendant NuScale is "a nuclear power company that develops small modular reactor ("SMR") technology", and that NuScale claims that its SMRs will "deliver safe, scalable, cost-effective and reliable carbon-free power." However, the complaint notes that "NuScale has not yet commercialized any SMRs."

The complaint alleges that during the Class Period, Defendants made materially false and/or misleading statements and failed to disclose material adverse facts about the Company's business, operations, and prospects. Defendants misled investors by failing to disclose that (1) because of the effect of inflationary pressures on the cost of construction and power, the Company and Utah Associated Municipal Power Systems ("UAMPS") would be unable to sign up enough subscribers to fulfill the Carbon Free Power Project ("CFPP"); (2) Standard Power did not have the financial ability to support its agreement with NuScale; and (3) as a result, Defendants' positive statements about the Company's business, operations and prospects were materially misleading and/or lacked a reasonable basis.

Then, on the morning of October 19, 2023, Iceberg Research issued a research report (the "Iceberg Report") that contradicted NuScale's claims that it could fulfill two large contracts: (1) a contract with the UAMPS for its CFPP, and (2) a contract with Standard Power, a company providing data center services for businesses focusing on blockchain mining and high performance computing applications.

On October 19, 2023, the Company's share price fell $0.61 per share, or 12.0%, to close at $4.46 per share, on unusually high trading volume. The following day, NuScale's share price fell an additional $0.67 per share, or 14.9%, to close at $3.80 per share, on unusually high trading volume.

Then, on November 8, 2023, after the market closed, NuScale and UAMPS announced that they had mutually agreed to terminate the CFPP contract because they had failed to engage enough subscribers.

In response to this disclosure, NuScale's share price fell $1.02 per share, or 32.9%, to close at $2.08 per share on November 9, 2023, on unusually high trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii) As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P.42(a).

Both of the above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff… is the person or group of persons that… has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005)

. Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008)

. Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss,

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997)
; *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998)
.

period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005)

.

Movant lost $68,250 in connection with his purchases of NuScale securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in NuScale securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

C. **Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998)

.

1.      **Movant's Claims are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002)

. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about NuScale's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

2.      **Movant Is Adequate**

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001)

.

Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in NuScale securities and is, therefore, extremely motivated to pursue claims in this action.

Further, Movant has a double bachelor's degree, six and a half years of investing experience, and works as a full-time private investor. Movant lives in Hong Kong.

**D. Movant Is Presumptively the Most Adequate Plaintiff**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

**III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen as Lead Counsel and RGMR as Liaison Counsel. The firms have been actively researching Movant's and Class Plaintiffs' claims as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firms have an extensive history of bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 and 5 hereto. The firm has prosecuted numerous

securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen as Lead Counsel and RGMR as Liaison counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: January 16, 2024                Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff
and Class*

 /s/
Jeffrey S. Ratliff
RANSOM, GILBERTSON, MARTIN &
RATLIFF, LLP
5441 S Macadam Ave, Suite 301
Portland, OR 97239
T: 503-226-3664

*[Proposed] Liaison Counsel for Lead Plaintiff
And Class*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 16, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/Phillip Kim</u>