**RANSOM, GILBERTSON, MARTIN &
RATLIFF, LLP**
Jeffrey S. Ratliff
5441 S. Macadam Avenue, Suite 301
Portland, OR 97239
Telephone: (503) 226-3664

*Liaison Counsel for Movant Rick Klettke
and Proposed Liaison Counsel for the Class*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| SCOTT SIGMAN, | Case No. 3:23-cv-01689-MO |
| Plaintiff, | **MOTION OF RICK KLETTKE FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD AND LIAISON COUNSEL** |
| v. | |
| NUSCALE POWER CORPORATION, JOHN L. HOPKINS, CHRIS COLBERT, ROBERT R. HAMADY, and CLAYTON SCOTT, | Class Action Motion Pursuant to 15 U.S.C. § 78u-4(a)(3)(B) |
| Defendants. | |

| | |
|---|---|
| JÉRÔME RYCKEWAÈRT, Individually and on behalf of all others similarly situated, | Case No. 3:23-cv-01956-IM |
| Plaintiff, | |
| v. | |
| NUSCALE POWER CORPORATION, JOHN L. HOPKINS, CHRIS COLBERT, ROBERT R. HAMADY, and CLAYTON SCOTT, | |
| Defendants | |

Page 1 – MOTION OF RICK KLETTKE FOR APPOINTMENT AS LEAD PLAINTIFF

Rick Klettke ("Klettke") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Klettke as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Klettke's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Ransom, Gilbertson, Martin & Ratliff, LLP as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.     LR 7-1(a) CERTIFICATION

This Motion is filed pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA. This Section provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action. Consequently, counsel for Klettke have no way of knowing with certainty who, if any, the competing lead plaintiff candidates are at this time. As a result, counsel for Klettke have been unable to conference with opposing counsel as prescribed in Local Rule 7-1, and respectfully request that the conference requirement of Local Rule 7-1 be waived for this motion. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) of the Exchange Act, Defendants do not have standing to oppose the appointment of Klettke as lead plaintiff. *See e.g.*, *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1138 (C.D. Cal. 1999).

## II.    PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired publicly traded NuScale Power Corporation ("NuScale" or the "Company") securities between March 15, 2023 and November 8, 2023 (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff" as lead plaintiff. Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff.

Klettke believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Klettke satisfies the relevant requirements of Rule 23, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Klettke respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Klettke's selection of GPM as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions. Also, GPM and Ransom, Gilbertson, Martin & Ratliff, LLP as liaison counsel have the experience and resources to efficiently litigate this action.

## III.    FACTUAL BACKGROUND

NuScale is a nuclear power company that develops small modular reactor ("SMR") technology. It claims that its SMRs will "deliver safe, scalable, cost-effective and reliable carbon-free power." NuScale has not yet commercialized any SMRs.

On October 19, 2023, Iceberg Research published a report alleging, among other things, that NuScale would be unable to fulfill its contract with the Utah Associated Municipal Power Systems ("UAMPS") for its Carbon Free Power Project ("CFPP"), as well as a contract with

Page 3 – MOTION OF RICK KLETTKE FOR APPOINTMENT AS LEAD PLAINTIFF

Standard Power, a company providing data center services for businesses focusing on blockchain mining and high performance computing applications.

On this news, NuScale's stock price fell $0.58, or 11.5%, to close at $4.46 per share on October 19, 2023, thereby injuring investors.

Then, on November 8, 2023, NuScale and UAMPS announced that they had agreed to terminate the CFPP contract due to failing to engage enough subscribers.

On this news, NuScale's stock price fell $1.02, or 32.9%, to close at $2.08 per share on November 9, 2023, thereby injuring investors further.

The complaint filed in this action alleges that the Defendants made false and misleading statements throughout the Class Period by failing to disclose to investors that: (1) because of the effect of inflationary pressures on the cost of construction and power, the Company and UAMPS would be unable to sign up enough subscribers to fulfill the CFPP; (2) Standard Power did not have the financial ability to support its agreement with NuScale; and (3) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Klettke and other class members have suffered significant losses and damages.

## IV.   PROCEDURAL BACKGROUND

On November 15, 2023, Plaintiff Scott Sigman commenced a securities class action against NuScale and certain of its officers, captioned *Sigman v. NuScale Power Corporation.*, No. 3:23-cv-01689-MO (the "*Sigman* Action"). This action is brought on behalf of investors who purchased or otherwise acquired NuScale securities during the Class Period.

Page 4 – MOTION OF RICK KLETTKE FOR APPOINTMENT AS LEAD PLAINTIFF

On December 26, 2023, Plaintiff Jérôme Ryckewaèrt commenced a substantially identical similar lawsuit, captioned *Ryckewaèrt v. NuScale Power Corporation*, No. 3:23-cv-01956-IM (the "*Ryckewaèrt* Action," and together with the *Sigman* Action, the "Related Actions").

## V.     ARGUMENT

### A.     The Related Actions Should Be Consolidated

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore, consolidation would avoid unnecessary cost, delay, and overlap in adjudication. *See* Fed. R. Civ. P. 42(a); *see also Cannataro v. Portland Gen. Elec. Co.*, No. 3:20-cv-1583, 2020 WL 12800744, at *4 (D. Or. Nov. 10, 2020*)* (consolidating actions that "involve common questions of both law and fact").

Each of the Related Actions presents similar factual and legal issues, as they involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

### B.     Klettke Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA

provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Klettke satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Klettke has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Klettke is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Klettke respectfully submits that he should be appointed as lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

Page 6 – MOTION OF RICK KLETTKE FOR APPOINTMENT AS LEAD PLAINTIFF

### 1.    Klettke Filed a Timely Motion

Klettke made a timely motion in response to a PSLRA early notice. On November 15, 2023, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Jeffrey S. Ratliff ("Ratliff Decl."), Ex. A. Therefore, Klettke had sixty days (until January 16, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of NuScale securities during the Class Period, Klettke is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in Klettke's PSLRA certification, Klettke attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Ratliff Decl., Ex. B. Accordingly, Klettke satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Klettke Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Klettke believes that he has the largest financial interest among class members who have filed or will file timely applications for appointment as lead plaintiff.

Klettke purchased NuScale securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $10,282.56. *See* Ratliff Decl., Ex. C. To the best of his knowledge, Klettke is not aware of any other class members that have filed motions for appointment as lead plaintiff who claim a larger financial interest. As such, Klettke believes he

Page 7 – MOTION OF RICK KLETTKE FOR APPOINTMENT AS LEAD PLAINTIFF

has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Klettke Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must otherwise satisfy the requirements of Rule 23. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, courts focus on the typicality and adequacy provisions. *Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398, at *9 (D. Or. Oct. 3, 2014) (citing *In re Cavanaugh*, 306 F.3d at 730); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

### a) Klettke's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Azar v. Blount Int'l, Inc.*, 2019 WL 7372658, at *15 (D. Or. Dec. 31, 2019); *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Klettke's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Klettke alleges that Defendants' material misstatements and omissions concerning NuScale's business, operations, and financial prospects violated the federal securities laws. Klettke, like all members of the class, purchased NuScale securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Klettke's interests and claims are "typical" of the interests and claims of the class.

### b)      Klettke Is an Adequate Representative

The adequacy requirement is satisfied if there is no conflict between the proposed lead plaintiff and the members of the class and the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy. Fed. R. Civ. P. 23(a)(4); *see also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Klettke has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure he has sufficient incentive to provide vigorous advocacy. *See* Ratliff Decl., Ex. C. As such, Klettke is well-equipped to represent the class, and should be appointed as lead plaintiff.

### C.      The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Klettke has selected GPM as lead counsel and Ransom, Gilbertson, Martin & Ratliff, LLP as liaison counsel to pursue this litigation on his behalf and will retain the GPM as the class's lead counsel in the event he is appointed lead plaintiff. GPM possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Ratliff Declaration as Exhibit D. Thus, the Court

may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## VI.    CONCLUSION

For the foregoing reasons, Klettke respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Related Actions; (2) appointing Klettke as Lead Plaintiff; (3) approving Klettke's selection of GPM as Lead Counsel and Ransom, Gilbertson, Martin & Ratliff, LLP as Liaison Counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

DATED this 16th day of January 2024.

RANSOM, GILBERTSON, MARTIN & RATLIFF, LLP

By:  /s/Jeffrey S. Ratliff
Jeffrey S. Ratliff
5441 S. Macadam Avenue, Suite 301
Portland, OR 97239
Telephone: (503) 226-3664

*Liaison Counsel for Movant Rick Klettke and Proposed Liaison Counsel for the Class*


GLANCY PRONGAY & MURRAY LLP
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movant Rick Klettke and Proposed Lead Counsel for the Class*


THE LAW OFFICES OF FRANK R. CRUZ
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100

Page 10 – MOTION OF RICK KLETTKE FOR APPOINTMENT AS LEAD PLAINTIFF

Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2024, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system and that by doing so I served the foregoing on all

parties in the record of the subject case via CM/ECF system transmission.

DATED this 16th day of January 2024.

RANSOM, GILBERTSON, MARTIN &
RATLIFF, LLP


By:    /s/Jeffrey S. Ratliff
Jeffrey S. Ratliff
503-226-3664

*Liaison Counsel for Movant Rick Klettke
and Proposed Liaison Counsel for the
Class*

Page 1 – Certificate of Service