**Chenoweth Law Group, PC**
Aurelia Erickson, OSB #126170
aerickson@chenowethlaw.com
Robert J. McGaughey, OSB #800787
bobm@chenowethlaw.com
510 SW Fifth Ave., Fourth Floor
Portland, Oregon 97204
Telephone: (503) 221-7958
Fax: (503) 221-2182

*Liaison Counsel for Plaintiff*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| SCOTT SIGMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NUSCALE POWER CORPORATION, JOHN L. HOPKINS, CHRIS COLBERT, ROBERT R. HAMADY, and CLAYTON SCOTT,<br><br>Defendants. | Case No.: 3:23-cv-01689-MO<br><br>**NOTICE OF MOTION AND MOTION OF DR. KEVIN LIANG LI FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| JEROME RYCKEWAERT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NUSCALE POWER CORPORATION, JOHN L. HOPKINS, CHRIS COLBERT, ROBERT R. HAMADY, and CLAYTON SCOTT,<br><br>Defendants. | Case No.: 3:23-cv-01956-IM |

## NOTICE OF MOTION AND MOTION

TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Dr. Kevin Liang Li, individually and on behalf of 1191323 B.C. LTD., (collectively "Movant") respectfully moves this Court for an order: (1) consolidating the above-captioned actions (the "Actions"); (2) appointing Movant as lead plaintiff pursuant to § 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (3) approving Movant's selection of Levi & Korsinsky, LLP as Lead Counsel and Chenoweth Law Group, P.C. ("Chenoweth Law") as Liaison Counsel for the Class.

Movant seeks consolidation, appointment as lead plaintiff, and approval of his choice of counsel pursuant to the Exchange Act, the Federal Rules of Civil Procedure, and the PSLRA. This motion is based on this notice, the attached memorandum of law, the declaration of Aurelia Erickson in support thereof, and the Court's complete files and records in these actions, as well as such further argument as the Court may allow at a hearing on this motion.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### SUMMARY

Movant respectfully submits the following argument in support of his Motion, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, for: (1) consolidation of the Actions; (2) appointment as Lead Plaintiff; and (3) approval of his selection

---

[1] Local Rule 7.1(a) requires a conference of counsel prior to filing motions. Pursuant to the PSLRA, however, any class member, regardless of whether that class member filed a complaint, may file a motion for appointment as lead plaintiff. Thus, there is no way for Movant to know which other entities or persons plan to move for appointment as lead plaintiff until after all the movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of LR7.1(a) be waived.

2 – NOTICE OF MOTION AND MOTION FOR CONSOLIDATION

of counsel on behalf of the class of persons and entities ("Class") that purchased or otherwise acquired NuScale Power Corporation ("NuScale" or the "Company") securities between March 15, 2023 and November 8, 2023, both dates inclusive (the "Class Period"). Movant seeks to recover damages under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5, against Defendants NuScale, John L. Hopkins ("Hopkins"), Chris Colbert ("Colbert"), Robert R. Hamady ("Hamady"), and Clayton Scott ("Scott") (collectively "Defendants").

Pursuant to the PSLRA, the class member who possesses the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members. The most adequate plaintiff shall be appointed as lead plaintiff to lead the litigation. Movant believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff based on the financial losses suffered as a result of Defendants' wrongful conduct. Moreover, Movant satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class. *See generally Abouzied v. Applied Optoelectronics, Inc.*, 2018 U.S. Dist. LEXIS 16801, at \*5-7 (S.D. Tex. Jan. 22, 2018). In addition, Movant's selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Chenoweth Law Group, P.C. ("Chenoweth Law") as Liaison Counsel should be approved, as these firms have substantial expertise and experience in securities and class action litigation.

///

///

3 – NOTICE OF MOTION AND MOTION FOR CONSOLIDATION

## PROCEDURAL BACKGROUND

Plaintiff Scott Sigman ("Sigman") commenced the first above-captioned action against NuScale in this Court on November 15, 2023, entitled *Sigman v. NuScale Power Corporation, et al.*, Case No. 3:23-cv-01689-MO (the "*Sigman* Action"). On that same day, counsel for Sigman published a notice on *Globe Newswire* (the "Notice"), announcing that a securities class action had been initiated against Defendants, herein, and advising investors in NuScale that they had 60 days to seek appointment as lead plaintiff. *See* Declaration of Aurelia Erickson in Support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Counsel (the "Erickson Decl.") at Exhibit ("Ex.") C.

On December 26, 2023, a substantially similar action was filed against Defendants in this Court, entitled *Ryckewaert v. NuScale Power Corporation, et al.,* Case No. 3:23-cv-01956-IM (the "*Ryckewaert* Action"). Movant has requested consolidation of the *Sigman* and *Ryckewaert* Actions.

## FACTUAL BACKGROUND[2]

NuScale is a nuclear power company that develops small modular reactor ("SMR") technology. ¶ 2. It claims that its SMRs will "deliver safe, scalable, cost-effective and reliable carbon-free power." *Id.* The Comapny has not yet commercialized any SMRs. *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading statements and failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 8. Defendants misled investors by failing to disclose that (1) because of the effect of inflationary pressures on the cost of construction and power, the Company and UAMPS would

---

[2] Citations to "¶__" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "*Sigman* Complaint") filed in the *Sigman* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Sigman* Complaint. The facts set forth in the *Sigman* Complaint are incorporated herein by reference.

4 – NOTICE OF MOTION AND MOTION FOR CONSOLIDATION

be unable to sign up enough subscribers to fulfill the CFPP; (2) Standard Power did not have the financial ability to support its agreement with NuScale; and (3) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

On the morning of October 19, 2023, Iceberg Research issued a research report ("Iceberg Report") that contradicted NuScale's claims that it could fulfill two large contracts: (1) a contract with the Utah Associated Municipal Power Systems ("UAMPS") for its Carbon Free Power Project ("CFPP"), and (2) a contract with Standard Power, a company providing data center services for businesses focusing on blockchain mining and high performance computing applications. ¶ 3.

On October 19, 2023, the Company's share price dropped $0.58 per share, or 11.5%, to close at $4.46 per share, on unusually high trading volume. *Rychewaert* ¶ 4.

On October 20, 2023, the Company's share price continued to decline another $0.66 per share, or 14.9%, to close at $3.80 per share, on unusually high trading volume. *Rychewaert* ¶ 5.

After the market closed on November 8, 2023, NuScale and UAMPS announced that they had mutually agreed to terminate the CFPP contract because they had failed to engage enough subscribers. ¶ 6.

On this news, the Company's share price fell $1.02 per share, or 32.9%, to close at $2.08 per share on November 9, 2023, on unusually high trading volume. ¶ 7.

## ARGUMENT

### I.    Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall

5 – NOTICE OF MOTION AND MOTION FOR CONSOLIDATION

appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

## II.     Appointing Movant as Lead Plaintiff is Appropriate

The PSLRA provides the procedure for appointing a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action (i) by not later than 90

days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides

any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable

presumption" that the "most adequate plaintiff"—i.e., the plaintiff most capable of adequately

representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought

by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only

upon proof by a "purported member of the plaintiff class" that the presumptively most adequate

plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately

representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Movant satisfies all of the foregoing criteria. Movant has filed a Motion

to be appointed as Lead Plaintiff and has, to the best of his knowledge, the largest financial interest

sought by any class member in this litigation. In addition, Movant meets the relevant requirements

of Federal Rule of Civil Procedure 23(a) and is not aware of any unique defenses Defendants could

raise against him that would render him inadequate to represent the Class. Accordingly, Movant

respectfully submits that he should be appointed lead plaintiff. *See Makhlouf v. Tailored Brands,*

*Inc.,* 2017 U.S. Dist. LEXIS 41872, at *29 (S.D. Tex. Mar. 23, 2017).

7 – NOTICE OF MOTION AND MOTION FOR CONSOLIDATION

A.    **Movant Filed a Timely Motion in Response to a PSLRA Notice**

On November 15, 2023, pursuant to 15 U.S.C. § 78u-4(a)(3)(A), the Notice of the pendency of the *Sigman* Action was published on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against Defendants, herein, and advising purchasers of NuScale securities that they had until January 16, 2024 to file a motion to be appointed as lead plaintiff.

Movant filed this motion pursuant to the Notice and within the 60-day period following publication. Movant has also submitted a sworn certification attesting to his purchases of NuScale securities and stating that he is willing to serve as Class representative and to provide testimony at deposition and trial, if necessary. *See* Erickson Decl., Ex. A. By making a timely motion in response to a published PSLRA notice, Movant satisfies the first PSLRA requirement to be lead plaintiff.

B.    **Movant Has the Largest Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Movant believes he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

During the Class Period, Movant purchased a total of 135,056 warrants, at a net cost of $89,734.48, and suffered approximately $56,503.89 using a last-in-first-out ("LIFO") analysis. *See* Erickson Decl., Ex. B. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23. Movant, thus, satisfies the second PSLRA requirement—the largest financial interest in the relief sought by the Class.

**C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Plains All Am. Pipeline, L.P. Sec. Litig.,* 2015 U.S. Dist. LEXIS 163811, at *10-12 (S.D. Tex. Dec. 7, 2015). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

### 1.    Movant's Claims Is Typical With the Claims of the Class

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because he suffered the same injuries as the absent Class members, he suffered as a result of the same course of conduct by Defendants, and his claims are based on the same legal issues. *See In re Waste Mgmt. Sec. Litig*., 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Importantly, the typicality requirement of Rule 23 does not require the lead plaintiff to be identically situated with

9 – NOTICE OF MOTION AND MOTION FOR CONSOLIDATION

all class members in order to satisfy typicality. *See Stirman v. Apache Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

Movant's claims are typical with the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants violated the federal securities laws by disseminating materially misleading statements concerning the operations and financial performance of NuScale. Movant, like all of the members of the Class, purchased NuScale shares at prices artificially inflated by Defendants' alleged misstatements and omissions and was damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the claims of the Class, satisfies the typicality requirement of Rule 23(a)(3).

### 2. Movant Is An Adequate Representative

Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses he has suffered as a result of the wrongful conduct alleged. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that he will vigorously pursue the interests of the Class. *See Parker v. Hyperdynamics Corp.*, No. 4:12-CV-999, 2013 U.S. Dist. LEXIS 21767, at *9 (S.D. Tex. Feb. 19, 2013) (losses suffered ensure

10 – NOTICE OF MOTION AND MOTION FOR CONSOLIDATION

lead plaintiff will adequately represent absentee class members). Finally, Movant retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). *See id.* (selection of "law firms that are competent at and experienced in prosecuting securities class actions" evidence of adequacy). Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Moreover, Movant is an adequate representative for the Class. Movant considers himself to be an experienced investor, having been investing in the stock market for over ten years. *See* Erickson Decl., Ex. D (Movant's Declaration). He resides in Burnaby, British Columbia, Canada and possesses dual DMD/Ph.D. degrees. *Id.* Movant is the founder and manager of a specialty dental practice, Dr. Kevin Li, Inc, at Metrotown Endodontics, where he is the chief endodontist. *Id.* Further, Movant has experience overseeing attorneys, as he has hired attorneys for routine business matters relating to his dental practice and for estate planning matters. *Id.*

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from the Defendants' alleged wrongdoing, he is, therefore, the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

### III.    Approving Movant's Choice of Counsel is Appropriate

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the court's approval. See 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should interfere with the lead plaintiff's selection "only when necessary 'to protect the interests of the class.'" *Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 12-cv-3772, 2012 WL 6625382, at \*3 (N.D. Tex. Dec. 20, 2012).

11 – NOTICE OF MOTION AND MOTION FOR CONSOLIDATION

Here, Movant has retained Levi & Korsinsky to serve as Lead Counsel and Chenoweth Law to serve as Liaison Counsel on behalf of the Class in the event he is appointed as lead plaintiff. As reflected in the accompanying firm résumés, Levi & Korsinsky and Chenoweth Law possess extensive experience and expertise in securities litigation, have the necessary resources to efficiently and effectively prosecute the Actions, and have successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Erickson Decl., Ex. E. Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his motion and enter an Order: (1) consolidating the Actions; (2) appointing Movant as Lead Plaintiff; (3) approving Movant's selection of Levi & Korsinsky as Lead Counsel and Chenoweth Law as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: January 16, 2024                    Respectfully submitted,

**CHENOWETH LAW GROUP, P.C.**

 */s/ Aurelia Erickson*
Aurelia Erickson, OSB No. 126170
Robert J. McGaughey, OSB No. 800787
510 SW Fifth Ave., Fourth Floor
Portland, Oregon 97204
Tel.: (503) 221-7958
Fax: (503) 221-2182
Email: aerickson@chenowethlaw.com
Email: bobm@chenowethlaw.com

*Liaison Counsel for Movant and Proposed Liaison Counsel the Class*

12 – NOTICE OF MOTION AND MOTION FOR CONSOLIDATION

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Movant and Proposed Lead
Counsel for the Class*

13 – NOTICE OF MOTION AND MOTION FOR CONSOLIDATION

## CERTIFICATE OF SERVICE

I hereby certify that on this day, January 16, 2024, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Aurelia Erickson*
Aurelia Erickson

CERTIFICATE OF SERVICE