Jennifer S. Wagner, OSB No. 024470
Keil M. Mueller, OSB No. 085535
Yoona Park, OSB No. 077095
**KELLER ROHRBACK L.L.P.**
601 SW Second Avenue, Suite 1900
Portland, OR 97204
jwagner@kellerrohrback.com
kmueller@kellerrohrback.com
ypark@kellerrohrback.com
Telephone: (971) 253-4600

*Attorneys for Movants*
[Additional Counsel listed on Signature Page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SCOTT SIGMAN,<br><br>                     Plaintiff,<br><br>    v.<br><br>NUSCALE POWER CORPORATION, JOHN L. HOPKINS, CHRIS COLBERT, ROBERT R. HAMADY, and CLAYTON SCOTT,<br><br>                    Defendants. | Case No. 3:23-cv-01689-MO<br><br>**MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT ADRIAN LATCHMAN, GILLIAN LYNCH-LATCHMAN, AND BRADON NOTTER AS LEAD PLAINTIFF, AND APPROVE THEIR SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Request for Oral Argument** |

MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL - 1

|  |  |
|---|---|
| JÉRÔME RYCKEWAERT, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NUSCALE POWER CORPORATION, JOHN L. HOPKINS, CHRIS COLBERT, ROBERT R. HAMADY, and CLAYTON SCOTT,<br><br>　　　　　　　　　　　　Defendants. | Case No. 3:23-cv-01956-IM |

## L.R. 7-1 CERTIFICATION

Counsel for Movants is aware of this Court's rule requiring that the parties' counsel make a good faith effort through personal or telephone conferences to resolve the dispute. This motion, however, is made pursuant to the PSLRA, which requires any class member, regardless of whether they filed a complaint, to file a motion no later than 60 days after publication of the notice. *See* 15 U.S.C. §78u-4(a)(3)(A). The notice was published when the instant action was filed on November 15, 2023, and all motions are statutorily due by January 16, 2024. Accordingly, Movants' counsel respectfully requests waiver of compliance with the L.R. 7-1 certification in this narrow instance.

## MOTION

Pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995, codified as Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3) (2013), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), Adrian Latchman, Gillian Lynch-Latchman, and Bradon Notter (collectively "Movants") move this Court for an Order: (1) consolidating these related cases ("Related Actions"); (2) appointing Movants as Lead Plaintiff in the above-referenced action; (3) approving Movants' selection of Hagens Berman Sobol Shapiro LLP as Lead Counsel and Keller Rohrback L.L.P. as Liaison

Counsel for the Class; and (d) granting such other and further relief as the Court may deem just and proper.

Movants' motion is based on this notice of motion and motion, the memorandum of points and authorities in support thereof, the declaration of Lucas E. Gilmore in support of this motion, the pleadings on file in this action, oral argument and such other matters as the Court may consider in hearing this motion.

The portion of this motion to consolidate is made on the grounds that the Related Actions arise from the same operative facts, name identical defendants, and are appropriate for consolidation.

Pursuant to LR 42-3, Movant states the Related Actions are captioned above. *Sigman* is in front of Judge Michael Mosman. Service has been accepted and all deadlines were vacated and new deadlines set by the Court on January 2, 2024 as follows: the deadline to file motions for the appointment of lead plaintiff and lead counsel is January 16, 2024; Plaintiff's amended complaint is due 14 days after the court rules on the motion(s) for appointment of lead plaintiff and lead counsel; and Defendants' responsive pleading is due 14 days after Plaintiff's amended complaint is filed. *Ryckewaert* is in front of Judge Karin J. Immergut. No service of summons has been returned. The Court set the following deadlines: Discovery is to be completed by April 25, 2024. Joint Alternate Dispute Resolution Report is due by May 28, 2024. Pretrial Order is due by May 28, 2024. The common questions of law and fact include that each is a securities fraud class action under the federal securities laws against a common set of defendants with a common class period of March 15, 2023 through November 8, 2023. Each alleges that Defendants made the same false and /or materially misleading statements by failing to disclose that (1) because of the effect of inflationary pressures on the cost of construction and power, the

MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL - 3

Company and UAMPS would be unable to sign up enough subscribers to fulfill the CFPP; (2) Standard Power did not have the financial ability to support its agreement with NuScale; and (3) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. The position of the other parties is unknown at this time as this is Movants' first appearance. Movants seek consolidation for all purposes.

Movants' motion for appointment as Lead Plaintiff is made on the grounds that Movants believe that they are the most "adequate plaintiff" as defined in the Private Securities Litigation Reform Act of 1995 ("PSLRA") because they have the largest known financial interest in the relief sought by the Class and have incurred substantial losses as a result of their purchase and/or acquisition of shares of NuScale Power Corporation ("NuScale" or the "Company"). Further, Movants satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure 23.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should consolidate the Related Actions, which involve common questions of law and fact, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.    Whether the Court should appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3.    Whether the Court should approve Movants' selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel and Keller Rohrback as Liaison Counsel for the proposed class, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II.    PRELIMINARY STATEMENT

The Related Actions allege that senior executives of NuScale made false and misleading statements to investors who purchased or otherwise acquired the Company's securities in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by misrepresenting and omitting material facts about NuScale's largest contracts. Following disclosure of the senior executives' fraud the price of the Company's securities fell sharply, damaging Movants and other investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the litigation and that satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, Movants, a cohesive group of investors who bought both NuScale common stock and warrants, (*see* Declaration of Lucas E. Gilmore ("Gilmore Decl.") in Support of Motion to Consolidate Related Actions, Appoint Movants as Lead Plaintiff, and Approve their Selection of Lead Counsel, Exhibit ("Ex.") E at ¶¶2-6 (Movants' Declaration) filed concurrently herewith), incurred losses of $41,592.01 in connection with Class Period purchases of NuScale securities between March 15, 2023 and November 8, 2023, inclusive (the "Class Period"), and therefore believe that they have the largest financial interest in the relief sought in this action. *See* Gilmore Decl., Exs. A and B.

Beyond their significant financial interest, Movants also meet the applicable requirements of Rule 23 because their claims are typical of absent class members and because they will fairly and adequately represent the interests of the Class. Movants have the ability and resources to manage the litigation and vigorously fulfill the Lead Plaintiff's duties and obligations to the Class.

To fulfill their responsibilities as Lead Plaintiff and vigorously prosecute the consolidated litigation on behalf of the Class, Movants have selected Hagens Berman as Lead Counsel and Keller Rohrback as Liaison Counsel for the Class. Hagens Berman is a nationally recognized class action firm with an established track record of obtaining class wide recoveries on behalf of defrauded investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in the consolidated litigation.

Accordingly, based on their significant financial interest and commitment to overseeing this litigation, Movants respectfully request that the Court enter an order appointing them as Lead Plaintiff and approving their selection of Hagens Berman as Lead Counsel and Keller Rohrback as Liaison Counsel.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Rule 42(a) affords the Court broad discretion to consolidate cases in this district. *Inv'r Res. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.,* 877 F.2d 777, 777 (9th Cir. 1989) (noting that district court has broad discretion to consolidate cases pending in the same district). Consolidation is appropriate, where the actions involve common questions of law and fact, and consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning

proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *see also* Manual for Complex Litigation (Third), § 20.123 (1995); *Russo v. Finisar Corp. (Finisar)*, No. 5:11-cv-01252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues … should be consolidated"). Courts recognize that class action shareholder suits are "particularly well suited to consolidation" because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *Miami Police Relief & Pension Fund v. Fusion-io, Inc. (Fusion-io)*, No. 5:13-cv-05368-LHK, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014); *see also City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, No. 3:04-cv-04362-MJJ, 2005 WL 318813, at *3 (N.D. Cal. Feb. 7, 2005) (finding that consolidating securities class actions "would expedite pretrial proceedings and reduce case duplication, thereby conserving judicial resources").

Here, the Related Actions present virtually identical factual and legal issues. Each action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, names the same Defendants, and stems from the same underlying operative facts and circumstances. Consolidation would plainly expedite these proceedings, reduce duplicative efforts, and save all parties time, energy, and expense. Accordingly, the Actions are appropriate for consolidation and should be consolidated pursuant to Rule 42(a). *See Cannataro v. Portland Gen. Elec. Co.*, No. 3:20-CV-1583-SI, 2020 WL 12800744, at *1 (D. Or. Nov. 10, 2020) (consolidating related securities class action cases).

**B.    Movants Should Be Appointed Lead Plaintiff**

Under the PSLRA, the district court "shall appoint as lead plaintiff the member ***or members*** of the purported plaintiff class that the court determines to be most capable of

adequately representing the interests of the class members … in accordance with this sub–paragraph." 15 U.S.C. § 78u-4(a)(3)(B)(i); 15 U.S.C. § 77z-1(a)(3)(B)(i) (emphasis added). The PSLRA creates a rebuttable presumption that the most adequate plaintiff should be the plaintiff who: (1) has filed the complaint or timely brought the motion for appointment of lead counsel in response to the publication of notice; (2) has the "largest financial interest" in the relief sought by the class; and (3) otherwise satisfies the requirements of FRCP 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa)-(cc). The above presumption may be rebutted only upon proof that the presumptive lead plaintiff: (1) will not fairly and adequately protect the interests of the class; or (2) is subject to "unique defenses" that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa)-(bb).

The PSLRA establishes a three-step inquiry for appointing a lead plaintiff. First, a plaintiff files the action and posts notice, allowing other Lead Plaintiff candidates to file motions. Second, the district court considers which of those plaintiffs has the largest financial interest in the action and whether that plaintiff meets the requirements of FRCP 23. Third, other candidates have the opportunity to rebut the presumption that the putative Lead Plaintiff can adequately represent the class. *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 834-35 (N.D. Cal. 2019) (discussing three-step process for appointment of lead plaintiff).

1.    **Movants' motion meets the PSLRA's procedural requirements.**

The action was filed on November 15, 2023. The timely notice of the pendency of the action was published on *Globe Newswire* on the same day, advising putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as Lead Plaintiff in the lawsuit. *See* Gilmore Decl., Ex. C. Thus, Movants satisfy the procedural

MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL - 8

requirements of the PSLRA by having timely filed this motion for appointment as lead plaintiff with the Court within sixty days of publication of the notice (*i.e.* on or before January 16, 2024) and submitting a PSLRA certification. *See* Gilmore Decl. Ex. A.

> **2.      Movants have the largest financial interest in the relief sought by the Class and are therefore presumptively the most adequate plaintiff.**

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Movants suffered total losses of $41,592.01 on their purchases of the Company's securities during the Class Period. *See* Gilmore Decl., Ex. B. Movants, therefore, have the largest known financial interest in this class action. *Portland Gen. Elec. Co.,* 2020 WL 12800744, at *5 (recognizing that movant with largest financial interest is the presumptive lead plaintiff).

> **3.      Movants satisfy the requirements of Federal Rule of Civil Procedure 23.**

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act, as amended by the PSLRA, provide that the Lead Plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23(a). At this stage of the litigation, courts focus only on the typicality and adequacy requirements of Rule 23. *In re Cavanaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements.").

Here, the claims asserted by Movants are typical of the claims of the other members of the proposed class. "Looking only at the pleadings and declarations provided by [the Movants], it appears that this group has claims typical of the claims of the class because its members purchased [NuScale securities] at prices that were allegedly artificially inflated by defendants'

alleged misconduct." *Deering v. Galena Biopharma, Inc.*, No. 3:14-CV-00367-SI, 2014 WL 4954398, at *9 (D. Or. Oct. 3, 2014) (finding group's claims typical of those of the class).

In addition, Movants will adequately represent the Class. Movants' interests are clearly aligned with the members of the Class because their claims are identical to the claims of the Class who made investments in the Company's securities. There is no evidence of antagonism between Movants' interests and those of proposed Class members. Furthermore, Movants have a significant, compelling interest in prosecuting this action to a successful conclusion based upon the financial loss they incurred as a result of the wrongful conduct alleged herein. These motivations clearly show that Movants will adequately and vigorously pursue the interests of the Class. *See* Gilmore Decl., Ex. E. In addition, Movants have selected Hagens Berman as proposed Lead Counsel, a firm highly experienced in prosecuting securities class actions, to represent them and the Class in this action. Hagens Berman has undertaken high-stakes complex securities, antitrust, and consumer litigation matters for several decades and pursues active litigation in federal courts. Gilmore Decl., Ex. D at 31-32. Movant also requests that the Court approve their selection of Liaison Counsel. Keller Rohrback is familiar with practice in this district, and the firm and its lawyers have a well-respected reputation for practice in this Court. *See* Gilmore Decl., Ex. F.

In sum, because of Movants' common interests with Class members, their motivation and ability to pursue vigorously this action, and their selection of highly competent counsel, the adequacy requirement of Federal Rule of Civil Procedure 23(a) is met.

## C.    The Court Should Approve Movants' Choice Of Lead Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *accord In re Cavanaugh*, 306 F.3d at 734

n.14. Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected Hagens Berman to serve as Lead Counsel for the Class. Hagens Berman has litigated complex securities fraud actions before this Court and has successfully prosecuted many other securities fraud class actions on behalf of injured investors. Gilmore Decl., Ex. D at 31-32. If this motion is granted, Hagens Berman will provide members of the Class with the highest caliber of representation available. Movant also requests that the Court approve their selection of Liaison Counsel. Keller Rohrback is familiar with practice in this district, and the firm and its lawyers have a well-respected reputation for practice in this Court. *See* Gilmore Decl., Ex. F. Accordingly, the Court should approve Movants' selection of Lead Counsel and Liaison Counsel.

## IV.    CONCLUSION

For all of the foregoing reasons, Movants respectfully request that this Court: (1) consolidate the Related Actions; (2) appoint Movants to serve as Lead Plaintiff in this action; (3) approve Movants' selection of Hagens Berman as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED:  January 16, 2024                Respectfully submitted,

**KELLER ROHRBACK L.L.P.**

By */s/ Jennifer S. Wagner*
Jennifer S. Wagner, OSB No. 024470
Keil M. Mueller, OSB No. 085535
Yoona Park, OSB No. 077095

601 SW Second Avenue, Suite 1900
Portland, OR 97204
Telephone: (971) 253-4600
jwagner@kellerrohrback.com

*Liaison Counsel for Movants*

MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL - 11

Steve W. Berman (p*ro hac vice* forthcoming)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98134
Telephone: (206) 623-7292
steve@hbsslaw.com

Reed R. Kathrein (p*ro hac vice* forthcoming)
Lucas E. Gilmore (p*ro hac vice* forthcoming)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Movants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 16, 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Jennifer S. Wagner
Jennifer S. Wagner