# Exhibit E

**JOINT DECLARATION OF ADRIAN LATCHMAN, GILLIAN LYNCH-LATCHMAN AND BRADON NOTTER IN SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS**

We, Adrian Latchman, Gillian Lynch-Latchman and Bradon Notter (collectively, "we" or "Movants"), pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this joint declaration in support of our motion: (1) consolidating the Related Actions; (2) appointing Movants as Lead Plaintiff in the Related Actions; (3) approving Movants' selection of the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") to serve as Lead Counsel for the class; and (4) granting such other and further relief as the Court may deem just and proper.

2.      As set forth in the certifications filed herewith, we purchased securities of NuScale Power Corporation between March 15, 2023 and November 8, 2023 ("Class Period").

3.      We are informed of and understand the requirements of serving as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). We have each had multiple individual calls with counsel discussing the process.  In addition, we had one joint call discussing the same. We each have personal knowledge about the information in this Joint Declaration as to ourselves and, where applicable, the entities and other persons with which we are associated.

4.      I, Adrian Latchman, am 53 years of age. I presently reside in Diego Martin, Trinidad and Tobago. I am married to Gillian Lynch-Latchman.  I presently work as an electrical engineer at a major steel production company. I have over 15 years of experience in managing mine and Gillian's investments. I am a joint owner of the account that Gillian and I purchased the NuScale shares reflected in my certification.  I am familiar with the obligations and fiduciary responsibilities a Lead Plaintiff owes to a class.

5.      I, Gillian Lynch-Latchman, am 51 years old. I presently reside in Diego Martin, Trinidad and Tobago. I am married to Adrian Latchman. I am a joint owner of the account that Adrian and I purchased the NuScale shares reflected in my certification. I am familiar with the obligations and fiduciary responsibilities a Lead Plaintiff owes to a class.

6.      I, Bradon Notter, am 53 years old. I presently reside in Fresno, Texas. I have over 20 years of investing experience. I am currently retired.  I previously worked as commercial banker. I am familiar with the obligations and fiduciary responsibilities a Lead Plaintiff owes to a class.

7.      We have personal knowledge of the facts set forth below, and would testify competently thereto.

8.      We understand our responsibilities as class representatives and as Lead Plaintiffs, including the duty to provide fair and adequate representation to all members of the class, and will fulfill these responsibilities to the best of our abilities. We understand that our duties as Lead Plaintiffs include interacting with and directing counsel, overseeing and monitoring the progress of the litigation, commenting on important documents in the case, coordinating with counsel to vigorously prosecute the case on behalf of the class, participating in settlement discussions, attending trial, if necessary, and authorizing any potential settlement on behalf of the class as well as approve any attorney's fee and cost requests by counsel. In performing these duties, we will, among other things, review pleadings and motion papers, obtain regular status reports on the progress of the litigation, participate in discovery, and have input into litigation decisions, including settlement negotiations. We are able and willing to perform all of these duties on behalf of class members.

9.      We understand that we are jointly seeking to be appointed as Lead Plaintiff. If jointly appointed as Lead Plaintiff, we will work together to monitor and direct the efforts and activities of our proposed lead counsel, Hagens Berman, in the prosecution of this action. We understand that as Lead Plaintiff, we have fiduciary obligations to fairly and adequately represent the class by vigorously prosecuting this case on behalf of the class. We understand that one of the primary responsibilities of the Lead Plaintiff in overseeing the work of lead counsel is to ensure that the litigation is handled efficiently.

10.      Prior to our agreement to seek Lead Plaintiff status as members of a Lead Plaintiff Group, we had never met one another and have no familial or business relationships with one another. Nor did we have any prior business or other relationships with Hagens Berman or any of its attorneys.

11.      The group had a zoom meeting on January 15, 2024 with counsel. On the call, we discussed our backgrounds and experience, and were able to question each other. We also discussed the facts and the merits of the claims against Defendants and new developments, our interest in serving jointly as Lead Plaintiff and our experience in investing in NuScale, the benefits we could provide to the Class; a decision making structure, the type of decisions we would be called upon to make, and ensuring that the Class's claims will be efficiently and zealously prosecuted, without duplicative efforts, by our oversight of our proposed Lead Counsel, Hagens Berman. We believe that given that we invested in different NuScale securities during the Class Period, serving jointly as Lead Plaintiff we will have a positive effect on the quality of the representation provided to absent class members.

12.     We also discussed a Lead Plaintiff's obligation under the PSLRA to select Lead Counsel and to supervise the prosecution of the case to guarantee that the action is prosecuted efficiently. Through supervision of our chosen counsel, we will ensure that the action is prosecuted for the benefit of the Class in an efficient and effective manner. In order to achieve this result, we plan on consulting with each other and with counsel regarding the prosecution of this lawsuit via telephone and email.

13.     We have been given the contact information for each other. We understand that we may call for a meeting or conference call at any time, including on an emergency basis if necessary. We understand that these meetings or conference calls may be conducted without counsel. We have agreed to contact one another when necessary to facilitate the best interests of the class and to prosecute this case. We do not foresee any problems communicating with one another or staying abreast of the progress of this litigation.

14.     We intend to work together to oversee the litigation in a manner that will best serve the interests of the class.

15.     We individually contacted the law firm of Hagens Berman, and after careful consideration, selected Hagens Berman to serve as Lead Counsel. We are satisfied that our chosen counsel are experienced in prosecuting actions of this nature and capable of diligently prosecuting the Class's claims under our supervision. We have instructed our counsel to conduct the litigation in an efficient manner, to avoid the duplication of efforts wherever possible, and to provide updates regularly, or as frequently as necessary.

16.     We are aware that as an individual or jointly, we could select any counsel to represent us, and that we were not and are not required or compelled to recommend Hagens Berman as class counsel. By submitting this declaration, we are personally ratifying this firm as our choice for that role in this litigation.

17.     Because of the complexity of the case and the substantial losses we each suffered as a result of Defendants' alleged violations of the federal securities, we each have the incentive, ability and desire to work together with the other members of the Group to control the litigation and maximize the recovery for the Class. We consent to filing as Lead Plaintiff jointly, or alternatively as individuals.

18.     We are committed to actively overseeing the effective and efficient prosecution of this action by, among other things, reviewing court documents, actively participating in litigation decisions, monitoring and directing counsel, and attending hearings and depositions as necessary. We take the obligations owed by a Lead Plaintiff seriously and hereby reaffirm our commitment to actively monitor our counsel and the litigation, to prosecute the

action in the best interest of the Class, and to otherwise fulfill the duties we will assume if appointed as Lead Plaintiff.

19.    We have no interests antagonistic to the interests of the class and do not believe that we are subject to any unique defenses. We also understand that the lead plaintiff's share of any recovery is the same as every other potential class member. As our Certifications both state, we will not accept any payment for serving as a representative party beyond our respective *pro rata* shares, except any reasonable costs and expenses – such as lost wages and travel expenses – directly related to the class representation, as ordered or approved by the Court pursuant to the PSLRA.

20.    If the Court determines that a single plaintiff would be more appropriate in this action, each of us is willing and able to serve as Lead Plaintiff individually, rather than jointly. Our preference, however, is to work together because the joint prosecution of this action would combine the diverse skills and knowledge of each member and the benefits of our collective decision-making and resources, which we believe will be in the best interests of the class.

Pursuant to 28 U.S.C. § 1746, we declare under penalty of perjury that the foregoing statements related to ourselves are true and correct. Executed on this 16th day of January, 2024.

DocuSigned by:

*Adrian Latchman*

E9EAA177507A4C5...

Adrian Latchman

Gillian Lynch-Latchman

Bradon Notter

action in the best interest of the Class, and to otherwise fulfill the duties we will assume if appointed as Lead Plaintiff.

19.    We have no interests antagonistic to the interests of the class and do not believe that we are subject to any unique defenses. We also understand that the lead plaintiff's share of any recovery is the same as every other potential class member. As our Certifications both state, we will not accept any payment for serving as a representative party beyond our respective *pro rata* shares, except any reasonable costs and expenses – such as lost wages and travel expenses – directly related to the class representation, as ordered or approved by the Court pursuant to the PSLRA.

20.    If the Court determines that a single plaintiff would be more appropriate in this action, each of us is willing and able to serve as Lead Plaintiff individually, rather than jointly. Our preference, however, is to work together because the joint prosecution of this action would combine the diverse skills and knowledge of each member and the benefits of our collective decision-making and resources, which we believe will be in the best interests of the class.

Pursuant to 28 U.S.C. § 1746, we declare under penalty of perjury that the foregoing statements related to ourselves are true and correct. Executed on this 16th day of January, 2024.

_____
Adrian Latchman

_____
Gillian Lynch-Latchman

_____
Bradon Notter

action in the best interest of the Class, and to otherwise fulfill the duties we will assume if appointed as Lead Plaintiff.

19.     We have no interests antagonistic to the interests of the class and do not believe that we are subject to any unique defenses. We also understand that the lead plaintiff's share of any recovery is the same as every other potential class member. As our Certifications both state, we will not accept any payment for serving as a representative party beyond our respective *pro rata* shares, except any reasonable costs and expenses – such as lost wages and travel expenses – directly related to the class representation, as ordered or approved by the Court pursuant to the PSLRA.

20.     If the Court determines that a single plaintiff would be more appropriate in this action, each of us is willing and able to serve as Lead Plaintiff individually, rather than jointly. Our preference, however, is to work together because the joint prosecution of this action would combine the diverse skills and knowledge of each member and the benefits of our collective decision-making and resources, which we believe will be in the best interests of the class.

Pursuant to 28 U.S.C. § 1746, we declare under penalty of perjury that the foregoing statements related to ourselves are true and correct. Executed on this 16th day of January, 2024.

_____

Adrian Latchman

_____

Gillian Lynch-Latchman

_____

Bradon Notter