**Nicholas A. Kampars, OSB No. 063870**
nick.kampars@wildwoodlaw.com
**Wildwood Law Group LLC**
3519 NE 15th Avenue, Suite 362
Portland, Oregon 97212
Phone: (503) 564-3049

[Additional counsel on signature page]

*Attorneys for Movant NuScale Investor Group*
*and Proposed Co-Lead Counsel*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SCOTT SIGMAN, individually and on behalf of all others similarly situated, <br><br><br> Plaintiff, <br><br> v. <br><br><br> NUSCALE POWER CORPORATION, JOHN L. HOPKINS, CHRIS COLBERT, ROBERT R. HAMADY, and CLAYTON SCOTT, <br><br><br> Defendants. | Case No. 3:23-cv-01689-MO <br><br> **CLASS ACTION** <br><br> **MOTION OF NUSCALE INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** <br><br><br> **Request for Oral Argument** |

| | |
|---|---|
| JEROME RYCKEWAERT, individually and on behalf of all others similarly situated,<br><br><br>Plaintiff,<br><br><br>v.<br><br><br>NUSCALE POWER CORPORATION, JOHN L. HOPKINS, CHRIS COLBERT, ROBERT R. HAMADY, and CLAYTON SCOTT,<br><br><br>Defendants. | Case No. 3:23-cv-01956-IM |

**TABLE OF CONTENTS**

MOTION…………………………………………………………………………………………..5

MEMORANDUM OF LAW…………………………………………………………………...…..6

PRELIMINARY STATEMENT.........................................................................................................6

FACTUAL BACKGROUND…………………………………………………………………..…..8

ARGUMENT ....................................................................................................................... 10

    I.    The Related Actions Should be Consolidated ...............................................................10

    II.    NuScale Investor Group Is The "Most Adequate Plaintiff" And Should Be Appointed As Lead Plaintiff ....................................................................................................................11

        A.    The Motion Is Timely. .....................................................................................................12

        B.    NuScale Investor Group Has a Substantial Financial Interest in the Relief Sought by the Class.....................................................................................................................................13

        C.    NuScale Investor Group Otherwise Satisfies Rule 23................................................13

D.  The Court Should Approve of NuScale Investor Group's Selection of Block & Leviton LLP and Holzer & Holzer LLC as Co-Lead Counsel.........................................................................15

    III.    CONCLUSION .............................................................................................................16

## TABLE OF AUTHORITIES

**CASES**

*Cohen v. U.S. Dist. Ct.*,
586 F.3d 703 (9th Cir. 2009)........................................................................................ 7

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992)...................................................................................... 14

*Hodges v. Akeena Solar, Inc.*,
263 F.R.D. 528 (N.D. Cal. 2009) ............................................................................... 14

*In re Adams Apple, Inc.*,
829 F.2d 1484 (9th Cir. 1987)..................................................................................... 11

*In re Cavanaugh*,
306 F.3d 726 (9th Cir 2002)............................................................................ 12, 13, 14, 15

*In re Cohen*,
586 F.3d 703 (9th Cir. 2009)...................................................................................... 15

*Richardson v. TVIA, Inc.*,
No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007).................................. 11

*Waterford Twp. Police v. Mattel, Inc.*,
No. 17-cv-04732 VAP (KSx), 2017 WL 10667732 (C.D. Cal. Sept. 29, 2017)...................... 11

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................ passim

**RULES**

Fed. R. Civ. P. 23(a)(3)........................................................................................ 13

Fed. R. Civ. P. 42(a) ........................................................................................... 11

## LR 7-1(a) CERTIFICATION

Local Rule 7-1(a) requires the moving party to certify that the "parties made a good faith effort through personal or telephone conferences to resolve the dispute" before filing a motion. LR 7-1(a)(1)(A). Pursuant to the lead plaintiff procedures of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), whereby any "purported class member . . . including any . . . class member who is not individually named as a plaintiff in the complaint" may file a motion for appointment as lead plaintiff, 15 U.S.C. § 78u-4(a)(3)(B)(i), there may be as-yet unknown movants who intend to seek appointment as lead plaintiff on January 16, 2024. The undersigned counsel respectfully requests that Local Rule 7-1(a)'s conferral requirement be waived as to the unknown movants in this instance and to other counsel, as they cannot consent to the relief requested herein. If any subsequent motion for appointment as lead plaintiff is filed after this Motion, the undersigned will confer, as necessary, with counsel for those movants after the filing of this Motion.

## MOTION

Lead Plaintiff Movant NuScale Investor Group (consisting of member David Bader and William Whitton) respectfully moves, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing the NuScale Investor Group as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired NuScale Power Corp. ("NuScale" or the "Company")

securities between March 15, 2023 and November 8, 2023, both dates inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of Block & Leviton LLP and Holzer & Holzer LLC as Co-Lead Counsel for the Class and Wildwood Law Group LLC as Liaison Counsel for the Class. This Motion is based upon the Memorandum of Law below and the Declaration of Nicholas A. Kampars and exhibits thereto filed concurrently herewith.

## MEMORANDUM OF LAW

Movant NuScale Investor Group respectfully submits this Memorandum of Law in support of its motion.

## PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that Defendants defrauded investors in violation of the Exchange Act. NuScale investors, including the NuScale Investor Group, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of NuScale securities to fall sharply, damaging the NuScale Investor Group and other NuScale investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are putative class actions alleging violations of the federal securities laws by the same group of defendants arising from substantially the same alleged wrongful misconduct. As such, the Related Actions involve common questions of both law and fact, and consolidation is warranted.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant or movants have the "largest financial interest" in the relief sought by the Class in

this litigation, and also whether such movants have made a *prima facie* showing that they are otherwise typical and adequate class representatives under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The NuScale Investor Group satisfies these requirements. As set forth below, the group incurred a combined loss of $29,534.80 on their Class Period investments in NuScale securities as calculated on a last-in-first-out ("LIFO") basis. In light of these significant losses, the group has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' alleged violations of federal securities laws—an interest believed to be greater than that of any other qualified movant.

The NuScale Investor Group also meets the typicality and adequacy requirements of Rule 23 because their claims are typical of those of absent Class members, and because they will fairly and adequately represent the interests of the Class. Accordingly, the NuScale Investor Group is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Finally, pursuant to the PSLRA, the group respectfully requests that the Court approve their selection of Block & Leviton LLP and Holzer & Holzer LLC as Co-Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Block & Leviton LLP and Holzer & Holzer LLC are nationally-recognized securities class action firms that have recovered billions of dollars on behalf of defrauded investors, as detailed in their firm resumes, and are well qualified to serve as Co-Lead Counsel in the Related Actions. The NuScale Investor Group respectfully request that their selection of Block & Leviton LLP and Holzer & Holzer LLC as Co-Lead Counsel be approved. *See* 15 U.S.C. § 78u- 4(a)(3)(B)(v); *Cohen v. U.S. Dist. Ct.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of

Page 7 – MOT. FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

counsel, the district court should generally defer to that choice.").

Accordingly, the NuScale Investor Group respectfully requests that the Court appoint them as Lead Plaintiff for the Class and approve their selection of Counsel.

## FACTUAL BACKGROUND[1]

NuScale is a nuclear power company that develops small modular reactor ("SMR") technology. It claims that its SMRs will "deliver safe, scalable, cost-effective and reliable carbon-free power." NuScale has not yet commercialized any SMRs.

On October 19, 2023, Iceberg Research published a report titled "NuScale Power ($SMR): A Fake Customer and a Major Contract in Peril Cast Doubt on NuScale's Viability." The Iceberg Report concluded that the contracts with both UAMPS and Standard Power were unlikely to result in any revenue for the Company, albeit for different reasons. As to the UAMPS agreement, the Iceberg Report concluded:

> What many have missed is that NuScale has been given till around January 2024 to raise project commitments to 80% or 370 MWe, from the existing 26% or 120 MWe, or risk termination. Crucially, when the participants agreed to this timeline, they were assured refunds for project costs if it were terminated, which creates an incentive for them to drop out. We are three months to the deadline and subscriptions have not moved an inch.

The Iceberg Report disclosed that not a single additional customer had subscribed to the CFPP since March 2023:

> NuScale has around three months to the deadline but is nowhere near the 80%. In August 2023, the company told news outlet Power that *"no changes have occurred since March"*. At a September meeting of the Washington City power board, when asked about subscription progress, director Rick Hansen said . . . that *"Not anybody that's able to or willing to sign at this point."* He added. *"We have lots of cheerleaders but not a lot of people that want to jump in the game at this*

---

[1] The facts are taken from the *Sigman* Complaint, No. 3:23-cv-01689-MO (ECF No. 1).

*point."* Interested parties want additional mechanisms to de-risk it, according to him. This suggests no one has signed on since March.

As to the Standard Power contract, the Iceberg Report concluded:

This contract has zero chance of being executed as Standard Power clearly does not have the means to support contracts of this size. Its current CEO Maxim Serezhin has an outstanding $54k tax warrant in New York. Its former managing director Adam Swickle was found guilty of securities fraud in the past. Entra1 — NuScale's commercial partner — is expected to help with the funding. The company was created in 2021 and it is very unlikely to be able to finance even a portion of this contract.

The Iceberg Report debunked the possibility that Standard Power would want or need 1,848 MWe of power, reporting that:

In September 2022, the reported data mining capacity of the company was a mere 50 MWe, far below the contracted SMRs total capacity of 1,848 MWe. Adding to the confusion, Standard Power's basic website reveals that *"Planned development at this site (Ohio) include a 40 megawatt blockchain mining operation and a data center with critical capacity of up to 12 megawatts."*

The Iceberg Report also cast doubt on the credibility of Standard Power's leadership. It disclosed that "CEO Maxim Serezhin has an outstanding $54k tax warrant in New York, indicating a failure to fulfill his tax obligations" and "Former [managing director] Adam Swickle has a track record that screams 'investor beware'. He cut his teeth at notorious Wall Street firms like Stratton Oakmont and Meyers Pollock & Robbins — both infamous for pump-and-dump schemes and ultimately shuttered due to regulatory crackdowns." Swickle was subject to SEC scrutiny in 2003 for "setting up a fake foreign exchange trading house and making off with investors' cash," resulting in over $700,000 in monetary penalties.

On this news, the Company's share price fell $0.61 per share, or 12.0%, to close at $4.46 per share on October 19, 2023, on unusually high trading volume. The Company's share price continued to fall another $0.67 per share, or 14.9%, to close at $3.80 per share on October 20, 2023, on unusually high trading volume.

On November 8, 2023, NuScale published a press release on Form 8-K filed with the SEC titled "Utah Associated Municipal Power Systems (UAMPS) and NuScale Power Agree to Terminate the Carbon Free Power Project (CFPP)." The press release cited as the reason for the termination that "Despite significant efforts by both parties to advance the CFPP, it appears unlikely that the project will have enough subscription to continue toward deployment."

On this news, the Company's share price fell $1.02 per share, or 32.9%, to close at $2.08 per share on November 9, 2023, on unusually high trading volume.

Throughout the Class Period, Defendants made materially false and/or misleading statements and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants misled investors by failing to disclose that (1) due to the impact of inflationary pressures on the cost of construction and power, the Company and UAMPS would be unable to sign up enough subscribers to fulfill the CFPP; (2) Standard Power did not have the financial ability to support its agreement with NuScale; and (3) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

## ARGUMENT

### I.      The Related Actions Should be Consolidated

Under the PSLRA "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [regarding the appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here there are two related securities class actions asserting claims under the federal securities laws on behalf of investors, and similar procedural orders have been

entered in both. Rule 42(a) permits consolidation where "actions before the court involve common questions of law or fact." Fed. R. Civ. P. 42(a). "Consolidation is within the broad discretion of the district court." *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987); *Waterford Twp. Police v. Mattel, Inc.*, No. 17-cv-04732 VAP (KSx), 2017 WL 10667732, at *2 (C.D. Cal. Sept. 29, 2017).

Here, as described above, the Related Actions present nearly identical factual and legal issues arising out the same alleged course of misconduct and involve the purchase of NuScale securities at artificially inflated prices across identical class periods. As such, they qualify for consolidation under Fed. R. Civ. P. 42(a). *See, e.g., Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007). Accordingly, the cases should be consolidated into the first-filed *Sigman* action, 3:23-cv-01689-MO. Upon selection as Lead Plaintiff, the NuScale Investor Group proposes to file a single consolidated class action complaint under the caption *In re NuScale Power Corporation, Securities Litigation*.

## II.    The NuScale Investor Group Is The "Most Adequate Plaintiff" And Should Be Appointed As Lead Plaintiff

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (i.e., today, January 16, 2024, any person who is a member of the proposed class may apply to the Court

to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that "the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that – (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir 2002).

The NuScale Investor Group satisfies each of these requirements, and the Court should therefore appoint it as Lead Plaintiff.

**A. The Motion Is Timely.**

The statutorily-required notice of this action was published on November 15, 2023, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; and (3) the right to move the Court to be appointed as lead plaintiff by January 16, 2024. *See* Ex. A to the Declaration of Nicholas A. Kampars (the "Kampars Decl.").

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, the NuScale Investor Group timely moved this Court to be appointed as Lead Plaintiff on behalf of all members of the class. The members of the NuScale Investor Group have signed certifications pursuant to the PSLRA. *See* Kampars Decl., Exs. D, E. The NuScale

Investor Group has selected and retained qualified counsel to represent them and the proposed class. *See* Kampars Decl., Exs. H, I, J . Accordingly, the NuScale Investor Group is entitled to have its application for appointment as Lead Plaintiff and selection of Co-Lead Counsel considered and approved by the Court.

**B. The NuScale Investor Group Has a Substantial Financial Interest in the Relief Sought by the Class.**

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action. *See Cavanaugh*, 306 F.3d at 730 (district courts must first compare the financial stakes of the various movants to determine which has the most to gain from the lawsuit).

During the Class Period, as evidenced by the members of the NuScale Investor Group's accompanying signed certifications and loss charts, the members of the NuScale Investor Group incurred substantial combined losses of approximately $29,534.80 on their transactions in NuScale Corporation common stock during the class period. *See* Kampars Decl. Exs. D, E, F, G. At the time of this filing, the NuScale Investor Group believes that it possesses the largest financial interest of any movant seeking lead plaintiff status. Accordingly, the NuScale Investor Group is entitled to the presumption that it is the most adequate lead plaintiff.

**C. The NuScale Investor Group Otherwise Satisfies Rule 23.**

In addition to possessing a significant financial interest, a presumptive lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4);

*Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). At the lead plaintiff stage of the litigation, "only a preliminary showing is necessary" for the typicality and adequacy of representation requirements. *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009) (citing *Cavanaugh*, 306 F.3d at 729-31).

The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct, which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations omitted). The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'" *Cavanaugh*, 306 F.3d at 730 (quoting Fed. R. Civ. P. 23(a)(4).

The members of the NuScale Investors Group have submitted sworn certifications confirming their desire, willingness, and ability to serve as lead plaintiffs. *See* Kampars Decl., Exs. D, E. Like all class members, the NuScale Investor Group acquired NuScale Corporation stock during the Class Period at allegedly inflated prices and suffered damages when Defendants' alleged misconduct came to light. *Id.*, Exs. D, E, F, G. The members of the NuScale Investor Group's substantial financial interest indicates that they have the requisite incentive to vigorously represent the putative class's claims. Moreover, the NuScale Investor Group is not subject to unique defenses or aware of any conflicts between its claims and those asserted by the class. Finally, as discussed below, the NuScale Investor Group has selected qualified counsel, highly experienced in securities litigation.

The NuScale Investor Group's common interests shared with the class, substantial financial interest in this Action, and selection of qualified counsel demonstrate that it *prima facie* satisfies the Rule 23 inquiries at this stage of the litigation.

### D. The Court Should Approve of The NuScale Investor Group's Selection of Counsel

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class she seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). The lead plaintiff's choice of counsel should be approved, and the Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. The NuScale Investor Group has selected Block & Leviton LLP and Holzer & Holzer, LLC, two firms with substantial experience in the prosecution of shareholder and securities class actions to serve as Co-Lead Counsel. Kampars Decl. Exs. H, I. As one District Court recently noted in *In re Lyft, Inc. Sec. Litig.*, 2023 WL 5068504 at *9 (N.D. Cal. Aug. 7, 2023) in approving a $25 million settlement, "Block & Leviton are highly experienced lawyers with expertise in securities class actions." The court in *Bardaji v. Match Group, Inc.*, No. 23-cv-00245-MN, slip op. at 4 (D. Del. May 24, 2023), in appointing Block & Leviton lead counsel, also noted that the firm "has substantial experience in securities fraud litigation" and "has obtained a significant number of sizeable settlements in these cases over the years."

Holzer & Holzer, too, is highly experienced in the areas of securities litigation and class actions. *See*, Kampars Decl. Ex. I. Holzer & Holzer has successfully served as Co-Lead Counsel in numerous shareholder class actions during the firm's 20-year history. *See* Ex. I. Recently, Holzer & Holzer's successes include serving as co-lead counsel and recovering $22.25 million for the class of investors in *Davis v. Yelp, Inc., et al.*, No. 18-cv-400-EMC (N.D. Cal.) and $20 million

for the class of investors in *Peralta v. Grana y Montero S.A.A., et al.*, No. 17-cv-1105-LDH (E.D.N.Y.). Holzer & Holzer also is currently serving as Co-Lead Counsel on behalf of a class of investors in *Blake v. Canoo, Inc., et al.*, No. 21-cv-2873-FMO (C.D. Cal.), *Salzman v. ImmunityBio, Inc. et al.*, No. 23-cv-01216-GPC-DEB (S.D. Cal), and *Li v. Spirit Aerosystems Holdings, Inc., et al.*, No. 23-cv-03722-PAE (S.D.N.Y.).

Accordingly, the Court should approve of Messrs. Bader, and Whitton's selection of Block & Leviton LLP and Holzer & Holzer, LLC as Co-Lead Counsel and Wildwood Law Group LLC as Local Counsel.

## CONCLUSION

The NuScale Investor Group satisfies each of the PSLRA's requirements for appointment as Lead Plaintiff. As such, the Group respectfully requests that the Court issue an Order: (1) consolidating the above captioned Related Actions; (2) appointing the NuScale Investor Group as Lead Plaintiff; and (3) approving its selection of Lead and Local Counsel.

Dated: January 16, 2024

Respectfully submitted,

*/s/ Nicholas A. Kampars*
Nicholas A. Kampars, OSB No. 063870
Nick.kampars@wildwoodlaw.com
WILDWOOD LAW GROUP LLC
3519 NE 15th Avenue, Suite 362
Portland, OR 97212
Phone: (530) 564-3049

*Liaison Counsel for Movant NuScale Investor Group and Proposed Liaison Counsel for the Class*

AND

**BLOCK & LEVITON LLP**

Jeffrey C. Block, Esq. (*pro hac vice* application forthcoming)

Jacob Walker, Esq. (*pro hac vice* application forthcoming)

260 Franklin Street, Suite 1860

Boston, MA 02110

jeff@blockleviton.com

jake@blockleviton.com

(617) 398-5600 phone

(617) 507-6020 fax

**HOLZER & HOLZER, LLC**

/s/ Corey D. Holzer

Corey D. Holzer (*pro hac vice* application forthcoming)

211 Perimeter Center Pkwy NE, Suite 1010

Atlanta, GA 30346

(770) 392-0090 phone

cholzer@holzerlaw.com

*Co-Counsel to Movant NuScale Investor Group and Proposed Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system.

/s/ *Nicholas A. Kampars*
Nicholas A. Kampars