**Chenoweth Law Group, PC**
Aurelia Erickson, OSB No. 126170
aerickson@chenowethlaw.com
Robert J. McGaughey, OSB No. 800787
bobm@chenowethlaw.com
510 SW Fifth Ave., Fourth Floor
Portland, Oregon 97204
Telephone: (503) 221-7958
Fax: (503) 221-2182

*Liaison Counsel for Plaintiff*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| SCOTT SIGMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NUSCALE POWER CORPORATION, JOHN L. HOPKINS, CHRIS COLBERT, ROBERT R. HAMADY, and CLAYTON SCOTT,<br><br>Defendants. | Case No.: 3:23-cv-01689-IM<br><br>**DR. KEVIN LIANG LI'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS** |
| JEROME RYCKEWAERT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NUSCALE POWER CORPORATION, JOHN L. HOPKINS, CHRIS COLBERT, ROBERT R. HAMADY, and CLAYTON SCOTT,<br><br>Defendants. | Case No.: 3:23-cv-01956-IM |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT.............................................................................................................................3

    I.       The PSLRA Process for Selecting a Lead Plaintiff. ....................................................3

    II.     Dr. Li is the "Most Adequate" Lead Plaintiff. ...........................................................4

          A.      Dr. Li Possesses the "Largest Financial Interest"...................................................4

          B.      Dr. Li Satisfies Rule 23's Typicality and Adequacy Requirements. ......................5

    III.    No Movant Can Rebut the Strong Presumption in Favor of Appointing Dr. Li as Lead Plaintiff...................................................................................................................................7

    IV.    Conversely, Competing Movant Lawrence Lo is Subject to a Unique Defense Concerning His Failure to Retain Any Shares at The End Of The Class Period. .........8

CONCLUSION........................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Abrams v. Intuitive Surgical, Inc.,*
No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873 (N.D. Cal. Nov. 18, 2013) ...........3

*Bensley v. FalconStor Software, Inc*.,
277 F.R.D. 231 (E.D.N.Y. 2011) .......................................................................................9

*In re Cardinal Health, Inc. Sec. Litig*.,
226 F.R.D. 298 (S.D. Ohio 2005) ......................................................................................9

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .........................................................................................3, 8

*City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.,*
No. 17-cv-1958, 2017 U.S. Dist. LEXIS 199868 (N.D. Ohio Dec. 5, 2017).........................5

*Crawford v. Honig*,
37 F.3d 485 (9th Cir. 1994) ...............................................................................................6

*In re Critical Path, Inc. Sec. Litig.,*
156 F. Supp. 2d 1102 (N.D. Cal. 2001)...................................................................................4

*Crews v. Rivian Auto., Inc.,*
No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795 (C.D. Cal. July 1, 2022) ........4

*Doherty v. Pivotal Software, Inc.,*
No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360 (N.D. Cal. Nov. 8, 2019).............3

*In re Doral Fin. Corp. Sec. Litig.,*
414 F. Supp. 2d 398 (S.D.N.Y. 2006)...................................................................................5

*Eichenholtz v. Verifone Holdings, Inc.*,
No. C07-06140 MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008) ...................................7

*Ferrari v. Gisch,*
225 F.R.D. 599 (C.D. Cal. 2004) ...................................................................................1, 6

*Hufnagle v. Rino Int'l Corp.,*
No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14, 2011),
*adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011)......................................................................................................................................8

*Juliar v. Sunopta Inc.*,
No. 08-cv-1070, 2009 U.S. Dist. LEXIS 58118 (S.D.N.Y. Jan. 30, 2009)............................5

*Lax v. First Merchants Acceptance Corp.,*
No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)..................................4

*In re Network Assocs., Inc., Sec. Litig.,*
76 F. Supp. 2d 1017 (N.D. Cal. 1999)..............................................................................4, 7

*In re Olsten Corp. Securities Litig.,*
3 F. Supp. 2d 286 (E.D.N.Y. 1998)........................................................................................4

*Perlmutter v. Intuitive Surgical, Inc.,*
No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813 (N.D. Cal. Feb. 15, 2011)................1

*Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.,*
No. 06-cv-5797 PAC, 2007 U.S. Dist. LEXIS 97959 (S.D.N.Y. Feb. 21, 2007).....................5

*In re Stitch Fix, Inc. Sec. Litig.,*
393 F. Supp. 3d 833 (N.D. Cal. 2019)..................................................................................3

*Takeda v. Turbodyne Techs., Inc.,*
67 F. Supp. 2d. 1129 (C.D. Cal. 1999).................................................................................2

*In re Veeco Instruments, Inc. Securities Litigation,*
233 F.R.D. 220 (S.D.N.Y. 2006) ........................................................................................9

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)........................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23....................................................................................................*passim*

**PRELIMINARY STATEMENT**

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934 ("Exchange Act"). It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B). Under that directive, Dr. Kevin Liang Li, individually and on behalf of 1191323 B.C. LTD (collectively "Dr. Li") is the "most adequate plaintiff" because he is the movant with the largest financial interest that *also* satisfies the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23").

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts in the Ninth Circuit have considered several different methodologies when determining a movant's financial interest, including the well-known *Olsten/Lax* factors: (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate loss suffered. *Ferrari v. Gisch,* 225 F.R.D. 599, 604 (C.D. Cal. 2004); *see also Perlmutter v. Intuitive Surgical, Inc.,* No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *11-12 (N.D. Cal. Feb. 15, 2011) (describing different approaches).

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| **Dr. Kevin Liang Li & 1191323 B.C. LTD.** | **135,056** | **119,101** | **$89,734.48** | $56,503.89 |
| **Lawrence Lo** | 50,000 | 0 | $68,250.00 | **$68,250.00** |
| **Adrian & Gillian Latchman, & Bradon Notter** | 30,000 | 30,000 | $75,987.55 | $41,592.01 |
| **David Bader & William Whitton** | 35,110 | -3,390 | -$2,273.10 | $29,534.80 |

1 - MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO THE COMPETING LEAD PLAINTIFF MOTIONS

| | | | | |
|---|---|---|---|---|
| **Rick Klettke** | 2,600 | 2,150 | $16,318.56 | $10,282.56 |

As the above table demonstrates, Dr. Li possesses the largest financial interest in the Actions under three of the four *Olsten/Lax* factors, including net shares retained, where Mr. Lo has retained 0 shares. In such situations, courts generally appoint the movant that has a larger financial interest under the majority of factors for determining financial interest. This is especially true where, as here, one of the movants resides in a locale that is potentially problematic in terms of traveling to or from the venue for the litigation. Mr. Lo resides in Hong Kong and with the scant information provided about his personal background, his ability to travel to this venue is questionable.

The other movants cannot rebut the statutory "lead plaintiff" presumption in Dr. Li's favor. Dr. Li has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Dr. Li is typical of the other class members insofar as he purchased NuScale Power Corporation ("NuScale" or the "Company") securities during the Class Period and was damaged as a result. Dr. Li does not have any interests adverse to the class and is ideally suited to serve as the lead plaintiff given that he has dual DMD and Ph. D degrees, and owns and manages his own specialty dental practice. Moreover, Dr. Li has been investing in securities for more than a decade. *See* ECF No. 17, Ex. D.

With the largest financial interest in the outcome of the Actions and having made the preliminary showing of typicality and adequacy, Dr. Li is entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). As the other movants cannot rebut this presumption with proof that Dr. Li is somehow atypical or inadequate, he is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Dr. Li respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

## ARGUMENT

### I.    The PSLRA Process for Selecting a Lead Plaintiff.

Under the PSLRA, this Court is directed to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

In interpreting the PSLRA, the Ninth Circuit formulated a clear process for selecting a lead plaintiff. See *Doherty v. Pivotal Software, Inc.,* No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360, at *12-13 (N.D. Cal. Nov. 8, 2019); *In re Stitch Fix, Inc. Sec. Litig.,* 393 F. Supp. 3d 833 (N.D. Cal. 2019); *Abrams v. Intuitive Surgical, Inc.,* No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)). "[T]he courts must compare the financial stakes of the various plaintiffs, determine which has the most to gain from the lawsuit, and determine whether that plaintiff satisfies Rule 23, particularly its typicality and adequacy requirements." *Id.* (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest and who satisfies Rule 23, is then the "presumptive lead plaintiff." See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d at 730. "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id.* Third, the court must then consider any competing lead plaintiff movants attempts to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23. *Id.*

## II.    Dr. Li is the "Most Adequate" Lead Plaintiff.

### A.    *Dr. Li Possesses the "Largest Financial Interest".*

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Dr. Li is entitled to that presumption because, relative to the other movants, Dr. Li's losses are far greater. In accordance with *In re Olsten Corp. Sec. Litig.* and *Lax v. First Merchants Acceptance Corp.*, "courts use the *Lax-Olsten* four-factor test to approximate economic losses: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Crews v. Rivian Auto., Inc.,* No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795, at *9 (C.D. Cal. July 1, 2022) (internal quotations removed). *See also Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

While some courts view financial losses as the most important factor, others consider the second factor, net shares purchased, to be the most important. *See In re Network Assocs., Inc., Sec. Litig.,* 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999) ("[T]he candidate with the most net shares purchased will normally have the largest potential damage recovery."); *In re Critical Path, Inc. Sec. Litig.,* 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001) ("The Court considers [net shares purchased] the most straightforward method for approximation of financial interest in the recovery sought, but considers that it should be supplemented with in/out losses, *i.e.,* losses suffered by selling shares during the class period."). In this instance, Dr. Li is the movant with the largest loss under three of the four factors including net shares retained.

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| **Dr. Kevin Liang Li & 1191323 B.C. LTD.** | **135,056** | **119,101** | **$89,734.48** | $56,503.89 |
| **Lawrence Lo** | 50,000 | 0 | $68,250.00 | **$68,250.00** |
| **Adrian & Gillian Latchman, & Bradon Notter** | 30,000 | 30,000 | $75,987.55 | $41,592.01 |
| **David Bader & William Whitton** | 35,110 | -3,390 | -$2,273.10 | $29,534.80 |
| **Rick Klettke** | 2,600 | 2,150 | $16,318.56 | $10,282.56 |

Importantly, the difference between Dr. Li's approximate loss, and the loss of Mr. Lo is just $11,746.11. Accordingly, in a situation where the difference in alleged losses is relatively small, it "does not overcome the combined weight of the first three factors." *City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.,* No. 17-cv-1958, 2017 U.S. Dist. LEXIS 199868, at *9 (N.D. Ohio Dec. 5, 2017) (appointing a movant with a loss of $40,905 over a movant with a loss of $76,311); *see also In re Doral Fin. Corp. Sec. Litig.,* 414 F. Supp. 2d 398, 403 (S.D.N.Y. 2006) (appointing movant with a 17% smaller loss, stating the losses are "roughly equal"); *Juliar v. Sunopta Inc.*, No. 08-cv-1070, 2009 U.S. Dist. LEXIS 58118, at *2 (S.D.N.Y. Jan. 30, 2009) (holding that an approximate $30,000 difference on a losses of $210,993 was "minimal"). As such, the minute difference here "cannot dictate such an important result" when Dr. Li has more "gross purchases, net purchases, and net funds expended." *Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.,* No. 06-cv-5797 PAC, 2007 U.S. Dist. LEXIS 97959, at *6 (S.D.N.Y. Feb. 21, 2007).

### B.    *Dr. Li Satisfies Rule 23's Typicality and Adequacy Requirements.*

Not only does Dr. Li possess the largest financial interest of all movants pursuant to the PSLRA and the widely accepted *Olsten/Lax* Factors, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff.

Typicality exists where the claims of the representative parties "arise from the same event or practice or course of conduct that gives rise to the claims of the class members and are based on the same legal theory." *Ferrari*, 225 F.R.D. at 606 (internal quotations removed). Dr. Li's claims are typical of other Class members because, like other Class members, he purchased NuScale securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Actions. Moreover, Dr. Li's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.

To satisfy the adequacy requirement at this stage of the proceedings, Dr. Li must make a preliminary showing that his interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between his interests and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Dr. Li has no conflicts with other Class Members, nor is there evidence of any antagonism between Dr. Li's interest and those of the Class.

Finally, Dr. Li has further demonstrated his adequacy by attesting that he is ready, willing, and able to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. ECF No. 17, Ex. D. In the declaration Dr. Li discloses his place of residency, educational background, employment, and experience overseeing attorneys. *Id.* Dr. Li considers himself to be a sophisticated investor, having been investing for more than a decade. He has dual DMD/Ph.D. degrees and founded his own specialty dental practice. *Id.* Dr. Li also has experience hiring and overseeing attorneys relating to routine business matters for his dental practice, and for estate planning matters. *Id.* Further, in his certification and declaration, Dr. Li states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA

and Rule 23. *See* ECF No. 17, Exs. A (PSLRA Cert.), D (Dr. Li Decl.).

Importantly, Dr. Li resides in British Columbia, Canada, which is just over the Canadian border. Mr. Lo, on the other hand, resides in Hong Kong and may or may not be subject to a number of travel restrictions (presently and in the future). As explained in *In re Network Associates, Inc. Securities Litigation*, 76 F. Supp. 2d. 1017, 1030 (N.D. Cal. 1999), appointment of distant foreign Lead Plaintiff disadvantages the class in significant ways. "At trial, the representative plaintiff would normally testify and attend," but "[i]n a long trial, it would be obviously difficult for [the foreign plaintiffs] to attend in its entirety." *Id*. Moreover, the distance would "impede their ability to manage and to control American lawyers conducting litigation in California." *Id.* Accordingly, in Network Associates, the court refused to appoint foreign movants from the Netherlands and Belgium as Lead Plaintiffs because, inter alia, "they are distant." *Id*. at 1027- 1028, 1030; *see also Eichenholtz v. Verifone Holdings, Inc.*, No. C07-06140 MHP, 2008 WL 3925289, at *10 (N.D. Cal. Aug. 22, 2008) (potential lead plaintiff group located in Israel was not an adequate representative of the class, in part, because of "language barriers, esoteric United States securities laws and problems inherent in communicating across continents").

Dr. Li, therefore, is the movant for lead plaintiff that has the largest financial interest in the Actions and otherwise meets the requirements of Rule 23. Accordingly, Dr. Li is entitled to the presumption that he is the "most adequate plaintiff" and that he should be appointed as the lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II).

### III.    No Movant Can Rebut the Strong Presumption in Favor of Appointing Dr. Li as Lead Plaintiff.

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the Actions of all movants, and sufficiently making a preliminary, *prima facie*

showing of typicality and adequacy, Dr. Li has fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) (discussing requirements to become the "most adequate plaintiff"). Dr. Li, therefore, is entitled to the presumption that he shall be appointed as the lead plaintiff in the Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (stating the court "shall appoint as the lead plaintiff" the "most adequate plaintiff"). Dr. Li' presumption as the "most adequate plaintiff" may only be rebutted upon proof by a class member that Dr. Li "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d at 741. Absent proof rebutting the presumption, Dr. Li is entitled to be appointed as the lead plaintiff. *See Hufnagle v. Rino Int'l Corp.,* No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771, at *16 -26 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) (appointing the most adequate plaintiff where competing movants failed to submit proof of unique defense). This is something that the other movants cannot do. Accordingly, Dr. Li motion should be granted in its entirety.

**IV.     Conversely, Competing Movant Lawrence Lo is Subject to a Unique Defense Concerning His Failure to Retain Any Shares at The End Of The Class Period.**

Movant Lawrence Lo is subject to a unique defense because he purchased all of his shares only 10 days before the first corrective disclosure, and then sold all of his shares after the first corrective disclosure on October 19. 2023. Complaint, ECF No. 1 at ¶¶3, 34; Lo Loss Analysis, ECF No. 12-3. This prevents Mr. Lo from serving as Lead Plaintiff because he is subject to a "unique defense" concerning his lack of standing to recover damages for the Class as a whole. The Class Period in this case began on March 15, 2023 and extends through November 8, 2023.

Throughout the 238 day class period, Mr. Lo owned shares of NuScale for only *12 days.* Thus, for example, when NuScale issued its Form 10-Q on May 9, 2023 containing misrepresentations about the company and UAMPS ability to sign up enough subscribers to fulfill the CFPP, Mr. Lo would arguably have no standing and/or incentive to pursue damages arising from those misrepresentations. Likewise, Defendants will argue that Mr. Lo cannot recover damages resulting from any of the declines in the stock price that occurred after Mr. Lo ceased holding shares, including on November 8, 2023 when NuScale and UAMPS announced that they had mutually agreed to terminate the CFPP contract because they failed to engage enough subscribers. *See Ryckewaert* Complaint, ECF No. 1 at ¶¶ 6, 40.

Several cases illustrate this point. For example, in *Cardinal Health*, the court disqualified a movant who was "subject to unique defenses because it retained so few shares at the end of the Class Period [...] A small amount of net shares is typically not favored when choosing a plaintiff under the four factor method." *See In re Cardinal Health, Inc. Sec. Litig*., 226 F.R.D. 298, 311 (S.D. Ohio 2005). The movant in *Cardinal Health* sold the majority of its shares prior to the end of the class period, leaving it with a relatively nominal interest in the company. Despite the fact that the movant still held "87,999 shares at the end of the Class Period," the court held that "an open question" existed as to its damages and overall ability to represent the class. *Id*. Similarly, the court in *Bensley v. FalconStor Software, Inc.* refused to appoint a movant who, "sold all of its shares and incurred all of its losses during the Class Period, but before the September 2010 revelation of fraud." *See Bensley v. FalconStor Software, Inc*., 277 F.R.D. 231, 240-41 (E.D.N.Y. 2011) (the movant "failed to demonstrate that it will be an adequate lead plaintiff because it was a total in-and-out trader and may be unable to demonstrate loss causation."); *see also In re Veeco Instruments, Inc. Securities Litigation,* 233 F.R.D. 220, 333-34 (S.D.N.Y. 2006) (court

"question[ed] whether Decatur Plan can prove loss causation -- or, for that matter, loss" because it sold all of its stock prior to "issuance of the curative disclosure" and was "at the very least, subject to a unique defense to which Steelworkers [was] not subject." Unlike Mr. Lo, Dr. Li purchased shares at the beginning of the Class Period and retained shares throughout the entire eight months. *See* ECF No. 17, Ex. A.

## CONCLUSION

For the foregoing reasons, Dr. Li respectfully requests that the Court grant his motion and enter an Order: (1) consolidating the Actions; (2) appointing Dr. Li, individually and on behalf of 1191323 B.C. LTD, as Lead Plaintiff; (3) approving Dr. Li's selection of Levi & Korsinsky as Lead Counsel and Chenoweth Law Group as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: January 30, 2024

Respectfully submitted,
**CHENOWETH LAW GROUP, PC**

 */s/ Aurelia Erickson*
Aurelia Erickson, OSB No. 126170
Robert J. McGaughey, OSB No. 800787
510 SW Fifth Ave., Fourth Floor
Portland, Oregon 97204
Telephone: (503) 221-7958
Fax: (503) 221-2182
Email: aerickson@chenowethlaw.com
Email: bobm@chenowethlaw.com
*Liaison Counsel for Dr. Li and Proposed Liaison Counsel the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com
*Lead Counsel for Dr. Li and Proposed Lead Counsel for the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, January 30, 2024, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Aurelia Erickson*
Aurelia Erickson
