**Chenoweth Law Group, PC**
Aurelia Erickson, OSB No. 126170
aerickson@chenowethlaw.com
Robert J. McGaughey, OSB No. 800787
bobm@chenowethlaw.com
510 SW Fifth Ave., Fourth Floor
Portland, Oregon 97204
Telephone: (503) 221-7958
Fax: (503) 221-2182

*Liaison Counsel for Dr. Li and Proposed
Liaison Counsel the Class*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| SCOTT SIGMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NUSCALE POWER CORPORATION, JOHN L. HOPKINS, CHRIS COLBERT, ROBERT R. HAMADY, and CLAYTON SCOTT,<br><br>Defendants. | Case No.: 3:23-cv-01689-IM<br><br>**DR. KEVIN LIANG LI'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO THE COMPETING LEAD PLAINTIFF MOTIONS** |
| JEROME RYCKEWAERT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NUSCALE POWER CORPORATION, JOHN L. HOPKINS, CHRIS COLBERT, ROBERT R. HAMADY, and CLAYTON SCOTT,<br><br>Defendants. | Case No.: 3:23-cv-01956-IM |

## PRELIMINARY STATEMENT

The opposition briefing submitted in this action confirms that movant Dr. Kevin Liang Li, individually and on behalf of 1191323 B.C. LTD (collectively "Dr. Li") is the statutory presumptive lead plaintiff. The only other movant opposing Dr. Li's appointment is Lawrence Lo. Although Mr. Lo claims a greater loss than Dr. Li, Dr. Li possesses the "largest financial interest" in the action under three of the four *Olsten/Lax* factors, including net shares retained. Mr. Lo also erroneously challenges Dr. Li's typicality and adequacy. Dr. Li purchased NuScale stock squarely within the Class Period, a time frame accepted by Mr. Lo in his own opening brief and, unlike Mr. Lo, retained his shares and is therefore not subject to any unique defenses relating to loss causation. Further, given Dr. Li's dual DMD and Ph.D. degrees, professional background owning a specialty dental practice, and over a decade of experience investing in securities, Dr. Li makes for an overwhelmingly credible class representative. *See* ECF No. 17, Ex. D.

## ARGUMENT

### I.    Dr. Li is the "Most Adequate" Lead Plaintiff.

#### A.    *Dr. Li Possesses the "Largest Financial Interest".*

Dr. Li is the movant with the largest loss under three of the four widely accepted *Lax-Olsten* factors, including net shares retained. Many courts consider the second factor, net shares purchased, to be the most important. *See In re Network Assocs., Inc., Sec. Litig.,* 76 F. Supp. 2d 1017, 1027 (N.D. Cal. 1999) ("[T]he candidate with the most net shares purchased will normally have the largest potential damage recovery."); *In re Critical Path, Inc. Sec. Litig.,* 156 F. Supp. 2d 1102, 1108 (N.D. Cal. 2001) ("The Court considers [net shares purchased] the most straightforward method for approximation of financial interest in the recovery sought, but considers that it should be supplemented with in/out losses, *i.e.,* losses suffered by selling shares during the class period."). Mr. Lo and Dr. Li suffered a relatively small difference in alleged losses.

As such, the minute difference here "cannot dictate such an important result" when Dr. Li has more "gross purchases, net purchases, and net funds expended." *Police & Fire Ret. Sys. of City of Detroit v. SafeNet, Inc.,* No. 06-cv-5797 PAC, 2007 U.S. Dist. LEXIS 97959, at *6 (S.D.N.Y. Feb. 21, 2007).

**B.      *Dr. Li Satisfies Rule 23's Typicality and Adequacy Requirements.***

Mr. Lo argues that the Court should refuse to appoint Dr. Li lead plaintiff because he made purchases after Iceberg Research published their report on October 19, 2023 (ECF No. 29 pp. 6-8). However, Dr. Li purchased a significant amount of shares ***before*** October 20, 2023 and, in any event, his purchases on October 20, 2023 falls squarely within the March 15, 2023 through November 8, 2023 Class Period. Mr. Lo erroneously assumes that Dr. Li was not misled by the alleged fraud but this argument should be disregarded at this stage because Dr. Li, like all investors who purchased NuScale securities on October 20, 2023, is entitled to a presumption of reliance and therefore his losses are presumed recoverable. *See In re Connetics Corp. Sec. Litig.*, 257 F.R.D. 572, 577 (N.D. Cal. 2009) ("an investor who buys or sells stock at the price set by the market does so in reliance on the integrity of that price.")

First, at this stage, the Court should not rule on the merits of the Class's claims without the benefit of discovery, including whether the presumption of reliance can be rebutted with regard to Class members like Dr. Li who purchased stock both before ***and*** after October 19, 2023. *See In re CornerStone Propane Ptnrs*, No. C 03-2522 MHP, 2006 U.S. Dist. LEXIS 25819, at *14-17 (N.D. Cal. May 3, 2006); *In re LDK Solar Sec. Litig.*, 255 F.R.D. 519, 528 (N.D. Cal. 2009); *see also In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 623 (C.D. Cal. 2009) (even at class certification, "[t]o the extent the foregoing concerns [about the class period] relate to loss or loss causation, they raise merits issues that must be reserved for a later time").

Second, potential "intra-class conflicts relating to the times at which particular class

2

members purchased their securities…relate to damages" and does not render Dr. Li atypical. *Connetics*, 257 F.R.D. at 578. That Dr. Li is potentially subject to a "unique" defense based on his October 20 purchases does not overcome his adequacy as Lead Plaintiff because all Class members who purchased that day will be subject to the defense, so any distraction will not harm the Class. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *see In re Providian Fin. Corp. Sec. Litig.,* No. C 01-03952 CRB, 2004 U.S. Dist. LEXIS 31107, at \*16 (N.D. Cal. Jan. 15, 2004) ("even if [plaintiff] is subject to a defense based on its purchases after the disclosure, such a defense is not unique to [plaintiff], and is equally applicable to other potential class members"). As the Complaint alleges, the Class suffered losses when NuScale's stock fell $1.02 per share, or 32.9%, to close at $2.08 per share on November 9, 2023—indicating that the market did not fully absorb Defendants' alleged fraud until the market closed on November 9. *Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at \*14-15 (C.D. Cal. June 11, 2020*)*

Third, even if the Court considered Dr. Li's October 20 purchases as a post-disclosure purchase, they encompass less than 50% of his Class Period purchases and less than one-third of his overall monetary investment. District courts in the Ninth Circuit routinely hold that "a 'plaintiff's post-disclosure purchases do not automatically defeat typicality.'" *Sayce v. Forescout Techs.*, No. 20-cv-00076-SI, 2020 U.S. Dist. LEXIS 217198, at \*11-16 (N.D. Cal. Nov. 19, 2020) (finding that the purchase of "approximately 45%" of a lead plaintiff movant's shares after a partial disclosure "does not destroy the [movant]'s typicality at this stage") (citation omitted); *Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBF(VBKx), 2011 U.S. Dist. LEXIS 19771, at \*22 (C.D. Cal. Feb. 14, 2011), adopted by 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) ("'[C]ourts have ruled that purchases of stock by the class representatives after negative announcements during the class period or even after the close of the class period do not destroy

3

typicality.'"). Instead, courts consistently reject the argument that investors who make purchases after a corrective disclosure are atypical or made without reliance on the market. *See Cornerstone*, 2006 U.S. Dist. LEXIS 25819, at *12-14 (finding a plaintiff who purchased shares after the corrective disclosures typical); *In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 719 (C.D. Cal. 2002) (finding plaintiff who made post-class period purchases typical as his "claims arose from the same set of events and course of conduct that gave rise to the claims of other class members").

## II.    Mr. Lo Did Not Retain Any Shares at The End of The Class Period.

Conversely, even if Mr. Lo has the largest financial interest, he is still subject to a "unique defense" concerning his lack of standing to recover damages for the Class as a whole because he purchased all of his shares only 10 days before the first corrective disclosure, and then sold all of his shares after the first corrective disclosure on October 19, 2023. Complaint, ECF No. 1 at ¶¶3, 34; Lo Loss Analysis, ECF No. 12-3. Put simply, Mr. Lo bought his shares too late and then sold them too early to have claims typical of the class. *See Pardi v. Tricida, Inc*., No. 21-CV-00076-LHK, 2021 U.S. Dist. LEXIS 65991, at *3 (N.D. Cal. Apr. 2, 2021) (Koh, J.); *In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR, 2019 U.S. Dist. LEXIS 88379, at *10 (C.D. Cal. Apr. 1, 2019); *Eichenholtz v. Verifone Holdings, Inc.,* No. C 07-06140 MHP, 2008 U.S. Dist. LEXIS 64633, at *11-12 (N.D. Cal. Aug. 22, 2008); *Doshi v. Gen. Cable,* No. 2:17-025 (WOB-CJS), 2017 U.S. Dist. LEXIS 184254, at *6 (E.D. Ky. Nov. 7, 2017); *Imax Sec. Litig.*, 272 F.R.D. 138 (S.D.N.Y. 2010). The November 8, 2023 after-market-close disclosure resulted in a 32.9% decline in NuScale's stock price, but ***Mr. Lo suffered no loss in connection with the drop because he already sold all his NuScale stock***. He therefore is subject to the unique defense that he lacks standing to prove loss causation for the final and most critical stock drop when NuScale and UAMPS announced that they had mutually agreed to terminate the CFPP contract because they

failed to engage enough subscribers. *See Ryckewaert* Complaint, ECF No. 1 at ¶¶ 6, 40. As an investor who is atypical of the putative class, Mr. Lo cannot be appointed Lead Plaintiff. Unlike Mr. Lo, Dr. Li purchased shares at the beginning of the Class Period and retained shares throughout the entire eight months. *See* ECF No. 17, Ex. A.

Cases from around the country show that Mr. Lo is subject to a unique defense. *See In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 311; *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 240 (E.D.N.Y. 2011); *see also In re Veeco Instruments, Inc. Securities Litigation,* 233 F.R.D. 220, 333-34 (S.D.N.Y. 2006). This "unique defense" will "divert attention" away from the issues common to the class and potentially prejudice the class's recovery for reasons applying solely to the lead plaintiff instead of the class as a whole. *See*, *e.g.*, *Rodriguez v. Draftkings Inc.*, 2021 U.S. Dist. LEXIS 219489, at *26-27 (S.D.N.Y. Nov. 12, 2021) ("This approach protects members of the putative class, because even ultimately unsuccessful unique defenses may divert attention from the substance of the basic claim, and class members are entitled to be represented by someone unhindered by such distractions.") (internal citations and quotations omitted); *Newman v. Eagle Bldg. Techs.,* 209 F.R.D. 499, 504 (S.D. Fla. 2002) (noting that the threat that a potential attack "might imperil certification of a class in this case" is enough to warrant denial of its motion for appointment as lead plaintiff).

**CONCLUSION**

For the foregoing reasons, Dr. Li respectfully requests that the Court grant his motion and enter an Order: (1) consolidating the Actions; (2) appointing Dr. Li, individually and on behalf of 1191323 B.C. LTD, as Lead Plaintiff; (3) approving Dr. Li's selection of Levi & Korsinsky as Lead Counsel and Chenoweth Law Group as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: February 14, 2024

Respectfully submitted,

**CHENOWETH LAW GROUP, PC**

 */s/ Aurelia Erickson*
Aurelia Erickson, OSB No. 126170
Robert J. McGaughey, OSB No. 800787
510 SW Fifth Ave., Fourth Floor
Portland, Oregon 97204
Telephone: (503) 221-7958
Fax: (503) 221-2182
Email: aerickson@chenowethlaw.com
Email: bobm@chenowethlaw.com

*Liaison Counsel for Dr. Li and Proposed Liaison Counsel the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Dr. Li and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, February 14, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Aurelia Erickson*
Aurelia Erickson