B. JOHN CASEY, OSB No. 120025
john.casey@stoel.com
ALEX VAN RYSSELBERGHE, Bar No. 174836
alex.vanrysselberghe@stoel.com
JACOB GOLDBERG, OSB No. 162565
jacob.goldberg@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380
Facsimile:  503.220.2480

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SCOTT SIGMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NUSCALE POWER CORPORATION, JOHN L. HOPKINS, CHRIS COLBERT, ROBERT R. HAMADY, and CLAYTON SCOTT,<br><br>Defendants. | Lead Case No.: 3:23-cv-01689-IM<br><br>Consolidated Case No.: 3:23-cv-01956-IM<br><br>DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS |

Defendants NuScale Power Corporation ("NuScale"), John L. Hopkins, Chris Colbert, Robert R. Hamady and Clayton Scott (collectively "Defendants") hereby give notice that the Court may consider Exhibits 5, 7, 9, 10, 12, 13, 14, 16, 17, and 18 to the Declaration of Jacob Goldberg in support of Defendants' motions to dismiss ("Goldberg Declaration"), each of which is incorporated by reference into Plaintiffs' Complaint (ECF No. 39), and further request that the

Page 1  -  DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTIONS TO DISMISS

123625604.1 0034163-00092

Court take judicial notice of Exhibits 1, 2, 3, 4, 6, 8, 11, and 15 to the Goldberg Declaration, without converting Defendants' motions to dismiss into motions for summary judgment. As described in the Goldberg Declaration, the above documents include the following:

1.      **Exhibit 1:** NuScale's U.S. Securities and Exchange Commission ("SEC") Form S-1, dated March 20, 2023;

2.      **Exhibit 2:** NuScale's SEC Form 10-K, dated March 15, 2023;

3.      **Exhibit 3:** Financial news article published on or around March 2, 2023, by Ensales, Inc., titled "Novel UAMPS-NuScale SMR Nuclear Project Gains Participant Approval to Proceed to Next Phase";

4.      **Exhibit 4:** Financial news article published on or around March 2, 2023, by POWER, titled "Novel UAMPS-NuScale SMR Nuclear Project Gains Participant Approval to Proceed to Next Phase";

5.      **Exhibit 5:** Transcript of NuScale's Earnings Call held with investors on March 15, 2023;

6.      **Exhibit 6:** Slide deck presentation given by NuScale that accompanied the Earnings Call held with investors on March 15, 2023;

7.      **Exhibit 7:** Transcript of NuScale's Earnings Call held with investors on May 9, 2023;

8.      **Exhibit 8:** Slide deck presentation given by NuScale that accompanied the Earnings Call held with investors on May 9, 2023;

9.      **Exhibit 9:** NuScale's SEC Form 10-Q for the quarter ended June 30, 2023, which NuScale filed with the SEC on or around August 9, 2023;

Page 2   -   DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE AND
             REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTIONS TO
             DISMISS

123625604.1 0034163-00092

10.    **Exhibit 10:** Transcript of NuScale's Earnings Call held with investors on August 9, 2023;

11.    **Exhibit 11:** Slide deck presentation given by NuScale that accompanied the Earnings Call held with investors on August 9, 2023;

12.    **Exhibit 12:** NuScale's SEC Form 10-Q for the quarter ended September 30, 2023, which NuScale filed with the SEC on or around November 9, 2023;

13.    **Exhibit 13:** NuScale's Press Release issued on October 6, 2023, titled "Standard Power Chooses NuScale's Approved SMR Technology and ENTRA1 Energy to Energize Data Centers";

14.    **Exhibit 14:** Transcript of NuScale's Earnings Call held with investors on October 6, 2023;

15.    **Exhibit 15:** Slide deck presentation given by NuScale that accompanied the Earnings Call held with investors on October 6, 2023;

16.    **Exhibit 16:** Post published on October 19, 2023, by Iceberg Research, titled "NuScale Power ($SMR): A Fake Customer and a Major Contract in Peril Cast Doubt on NuScale's viability";

17.    **Exhibit 17:** NuScale's Press Release issued on November 8, 2023, titled "Utah Associated Municipal Power Systems (UAMPS) and NuScale Power Agree to Terminate the Carbon Free Power Project (CFPP)"; and

18.    **Exhibit 18:** Article published on January 5, 2024, by the Huffington Post, titled "Mass Layoffs At Pioneering Nuclear Startup."

A court may consider (1) documents attached to the complaint, (2) documents incorporated by reference in the complaint, or (3) matters of judicial notice without converting a

Page 3    -    DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE AND
              REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTIONS TO
              DISMISS

123625604.1 0034163-00092

Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *Boquist v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022). Exhibits 5, 7, 9, 10, 12, 13, 14, 16, 17, and 18 to the Goldberg Declaration are incorporated by reference into the Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 39) ("Complaint" or "FAC"). Exhibits 1, 2, 3, 4, 6, 8, 11, and 15 may be judicially noticed.

**A.    Exhibits 5, 7, 9, 10, 12, 13, 14, 16, 17, and 18 Are Each Incorporated by Reference into the Complaint.**

The "incorporation by reference" doctrine permits a court to consider the full contents of documents if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claims." *Nw. Infrastructure LLC v. City of Portland*, No. 3:21-CV-00843-MO, 2021 WL 5912153, at *2 (D. Or. Dec. 14, 2021) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) ("The district court considered the full text of the Prospectus, including portions which were not mentioned in the complaints. We note that such consideration is appropriate in the context of a motion to dismiss, and does not convert the motion into one for summary judgment.").

The Amended Complaint refers extensively to and quotes from Exhibits 5, 7, 10, and 14, which are transcripts of the investor calls on March 15, May 9, August 9, and October 6, respectively, in which Defendants made the alleged misstatements at the heart of this case. *E.g.*, FAC ¶¶ 64–78. Defendants' statements made in these investor calls form the basis of both the first and second counts for relief, *see id.*, ¶¶ 64–78, 102–116, and the authenticity of these documents cannot be reasonably disputed.

The Amended Complaint also refers extensively to Exhibits 9 and 12, which are the SEC Form 10-Qs in which Defendants made predictions about the outcome of the Carbon Free Power

Page 4  -  DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTIONS TO DISMISS

123625604.1 0034163-00092

Project ("CFPP").  FAC ¶¶ 48–62.  Both documents serve as the basis of Plaintiffs' claims, *see id.* ¶¶ 48–62, 102–116, and the authenticity of these documents cannot be reasonably disputed.

The Complaint also refers to Exhibit 13, which is NuScale's Press Release from October 6, 2023 in which Defendants announced Standard Power's announcement to select NuScale technology to power Standard Power data centers in Ohio and Pennsylvania.  FAC ¶¶ 44, 74–75.  Defendants' statements made in the October Press Release serve as the basis for Plaintiffs' claims, and the authenticity of these documents cannot be reasonably disputed.

The Complaint also refers to Exhibits 16, 17, and 18, which are, respectively, the Short Seller Post, NuScale's November Press Release, and the Huffington Post Article.  FAC ¶¶ 79–90.  These publications serve as the alleged "corrective disclosures" fundamental to Plaintiffs' claims.  *See id.*  The authenticity of these documents cannot be reasonably disputed.

**B.    The Court Should Take Judicial Notice of Exhibits 1, 2, 3, 4, 6, 8, 11, and 15.**

Courts may "judicially notice a fact that is not subject to reasonable dispute."  Fed. R. Evid. 201.  Pursuant to this rule, courts "routinely take judicial notice of . . . documents [filed with the SEC] for the purpose of determining what information was available to the market."  *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022).  Likewise, courts regularly take judicial notice of "various newspapers, magazines, and books" that publish relevant information to the market, which "indicate what was in the public realm at the time," regardless of "whether the contents of those articles were in fact true."  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (quoting *Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006); *accord Heliotrope Gen. Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.118 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants").

Exhibits 1 and 2 are NuScale's SEC Form S-1 and SEC Form 10-K, respectively, to which NuScale repeatedly referred investors in investor calls (*see* Exhibit 5 at 3, Exhibit 7 at 3, Exhibit 10 at 3, and Exhibit 14 at 1) for purposes of making cautionary statements about the risks associated with NuScale's projects. These exhibits are offered solely to indicate "what information was available to the market" at the time. *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d at 930; *accord Von Saher*, 592 F.3d at 960. They are not offered for the truth of the statements therein. The authenticity of these documents is not subject to reasonable dispute, and therefore the Court may and should take judicial notice of them. *See In re Splunk*, 592 F. Supp. 3d at 930 (courts regularly take judicial notice of SEC filings).

Exhibits 3 and 4 are financial news articles publicly available online in early March 2023 that reported events relevant to the status of NuScale's ongoing projects, including the CFPP. Specifically, the news articles disclose the status of NuScale's CFPP project as of March 2023, including the important fact that, in January and February 2023, some participants of the CFPP dropped out of the project when the price of power rose from $58/MWh to $89/MWh. These exhibits are not offered for the factual truth of the articles' contents, but rather to show what information was publicly available to the market in March 2023 and afterward. *Von Saher*, 592 F.3d at 960. The authenticity of the copies of these articles is not subject to reasonable dispute, and therefore the Court may and should take judicial notice of them. *See id.* (courts frequently take judicial notice of news articles showing what information was available to the market at the time of the alleged misstatements).

Finally, Exhibits 6, 8, 11, and 15 are the slide deck presentations presented to investors on March 15, May 9, August 9, and October 6, in conjunction with the statements made during investor calls, during which Defendants made cautionary statements about the risks associated

Page 6    -    DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTIONS TO DISMISS

123625604.1 0034163-00092

with NuScale's projects.  These exhibits are not offered for the factual truth of the articles'

contents, but rather to show what information NuScale provided to investors and the market in

conjunction with the statements at the core of this case.  *See In re Splunk Inc. Sec. Litig.*, 592 F.

Supp. 3d at 930 (courts routinely take judicial notice of presentations to analysts and investors in

securities fraud actions).  The authenticity of the copies of these slide decks is not subject to

reasonable dispute, and therefore the Court may and should take judicial notice of them.  *Id.*[1]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court recognize that

Exhibits 5, 7, 9, 10, 12, 13, 14, 16, 17, and 18 to the Goldberg Declaration are incorporated by

reference into Plaintiffs' Complaint and that it take judicial notice of Exhibits 1, 2, 3, 4, 6, 8, 11,

and 15 to the Goldberg Declaration.

Dated:  June 17, 2024                              STOEL RIVES LLP

*/s/ John Casey*
B. JOHN CASEY, OSB No. 120025
john.casey@stoel.com
ALEX VAN RYSSELBERGHE, Bar No. 174836
alex.vanrysselberghe@stoel.com
JACOB GOLDBERG, OSB No. 162565
jacob.goldberg@stoel.com
760 SW Ninth Avenue, Suite 3000
Portland, Oregon 97205
Telephone:  503.224.3380

*Attorneys for Defendants*

---

[1] Additionally, to the extent the Court does not consider Exhibits 5, 7, 9, 10, 12, 13, 14, 16, 17, and 18 (including transcripts of investor calls, NuScale's SEC Forms 10-Q, NuScale's press releases, and the online publications that serve as Plaintiffs' alleged corrective disclosures) to be incorporated by reference into the Complaint, the Court should take judicial notice of those documents.  Such exhibits are the "types of documents" that courts "routinely take judicial of . . . for the purpose of determining what information was available to the market."  *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d at 930; *accord Von Saher*, 592 F.3d at 960.

Page 7    -    DEFENDANTS' NOTICE OF INCORPORATION BY REFERENCE AND
               REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTIONS TO
               DISMISS

123625604.1 0034163-00092